**UNITED STATES of America, Appellee,**

v.

**Joseph A. ADENIYI, a/k/a "Joseph A. Akimbo", a/k/a "John Farrar", a/k/a "Gordon Mathewson", a/k/a "Allen A. Paul", Defendant–Appellant.**

**No. 1311, Docket 90–1055.**

United States Court of Appeals, Second Circuit.

Argued May 17, 1990.

Decided Sept. 4, 1990.

Gary D. Weinberger, Asst. Federal Public Defender, Hartford, Conn., for defendant-appellant.

**616**

Leonard C. Boyle, Asst. U.S. Atty., Hartford, Conn. (Stanley A. Twardy, Jr., U.S. Atty., New Haven, Conn., James G. Genco, Asst. U.S. Atty., Hartford, Conn., of counsel), for appellee.

Before OAKES, Chief Judge, PRATT, Circuit Judge, and PIERCE, Senior Circuit Judge.

PIERCE, Senior Circuit Judge:

Joseph Adeniyi appeals from a judgment of the United States District Court for the District of Connecticut, José A. Cabranes, *Judge*, convicting him, after a guilty plea, of bank fraud in violation of 18 U.S.C. § 1344(1) (1988). Adeniyi contends that the district court incorrectly applied the United States Sentencing Guidelines ("Guidelines") by refusing to depart downward from the applicable range of imprisonment. We conclude that a district court should apply the guideline in effect at the time of sentencing, barring any *ex post facto* problem, and that its discretionary refusal to depart downward is not reviewable. Accordingly, we dismiss the appeal.

BACKGROUND

Between August 11, 1987 and November 9, 1988, Adeniyi engaged in a scheme to defraud several banks in Connecticut through a series of transactions commonly known as "check-kiting." Using fictitious names, Adeniyi opened numerous checking and savings accounts with nominal cash deposits. After a few months passed, he deposited checks drawn from one account, for which there were insufficient funds, into other accounts. Adeniyi then withdrew cash from the latter accounts while the checks were being processed for collection. The total loss to the Connecticut banks victimized in this manner was $44,600. On November 9, 1988, the Connecticut State Police arrested Adeniyi in Danielson, Connecticut, as he and an accomplice attempted to make a cash withdrawal as part of this scheme. Adeniyi was held in state custody while he was prosecuted in several of the towns in which the banks were located.

Meanwhile, the Federal Bureau of Investigation (the "FBI") was conducting its own investigation of Adeniyi's activities. On May 31, 1989, a criminal complaint was filed in the United States District Court for the District of Connecticut charging Adeniyi with bank fraud in violation of 18 U.S.C. § 1344(1). An arrest warrant was issued for Adeniyi who by then was a state prisoner awaiting trial. Agents of the FBI continued their investigation and attempted to identify Adeniyi's other accomplices.

Adeniyi pleaded guilty in Connecticut Superior Court to defrauding the City Savings Bank in Meriden, Connecticut. On June 9, 1989, he was sentenced to five years of imprisonment, to be suspended after fifteen months. Under the state's "early release" program, Adeniyi completed his sentence on August 30, 1989. Thus, he was in state custody for approximately ten months. Upon his release, the state authorities transferred custody of Adeniyi to federal authorities.

On September 8, 1989, Adeniyi was charged with ten counts of bank fraud in a federal indictment. A superseding indictment was returned on October 31, 1989, and on November 13, 1989, Adeniyi pleaded guilty to Count Eight of this indictment, which charged him with fraudulently withdrawing $6,200 from the Liberty Bank for Savings in Middletown, Connecticut in violation of 18 U.S.C. § 1344(1). As part of a plea agreement, the government dismissed the remaining counts at the time of sentencing.

In its presentence report, the probation department assigned Adeniyi an adjusted offense level of 10 and a criminal history category of I, resulting in a sentencing range of six to twelve months pursuant to the Guidelines. The report concluded that there was no basis for a departure. Adeniyi objected to this aspect of the report, and in a letter to the probation officer, he focused on Guidelines § 5G1.3, which provided that:

> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run con-

secutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

United States Sentencing Commission, *Guidelines Manual,* § 5G1.3 (Oct.1987). Adeniyi noted that had he been prosecuted in state and federal court contemporaneously, § 5G1.3 would have required a concurrent sentence, but he conceded that it did not directly apply because he had been prosecuted serially. He then argued that the probation officer should have considered the accompanying commentary to this section:

> This section reflects the statutory presumption that sentences imposed at different times ordinarily run consecutively. *See* 18 U.S.C. § 3584(a). This presumption does not apply when the new counts arise out of the same transaction or occurrence as a prior conviction.

> Departure would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines.

*Id.* The government responded that although the court could consider the fact that Adeniyi had served a state sentence in deciding whether a downward departure was warranted, the Guidelines did "not mandate a departure and this should be treated as nothing more than an option available to the Court if the Court deemed it appropriate in light of the overall facts of this case."

Guideline § 5G1.3, along with the accompanying commentary, was deleted in its entirety and replaced with a new guideline, effective November 1, 1989.

Adeniyi was sentenced in federal court on January 2, 1990. At the sentencing hearing, defense counsel urged the district court to depart downward from the Guidelines range and to sentence Adeniyi to four months. Defense counsel argued that the commentary to the former version of § 5G1.3 should be applied, since Adeniyi

had already been punished and since the delay in the federal prosecution yielded an anomalous result, which the commentary to the guideline sought to avoid. The government responded that a downward departure was not warranted because the prior state conviction related to only a small part of a large, multifaceted scheme. The government also argued that the court could consider an upward departure based upon the fact that Adeniyi was an illegal alien at the time of the offense with a charge pending in state court in Florida. The district judge recognized that he had the option to depart either upward or downward, but decided to stay within the applicable Guidelines range:

> I am not persuaded that a downward departure is appropriate here. I shall not exercise any judicial discretion in that direction. I am mindful that Mr. Adeniyi has already been in custody for some 14 months, as [defense counsel] has noted. But I'm not persuaded that that fact, standing alone, would militate in favor of the exercise of discretion here in favor of leniency, given all of the circumstances presented here.

> In any event, these considerations are effectively outweighed by the factors militating in favor of an upward departure here. As it happens, I am persuaded that a departure upward could be justified here substantially for the reasons stated by the Government, but I shall not go upward in light of the arguments made by [defense counsel] and some of the considerations that ... underlie his arguments.

> In sum, I shall stay within the guidelines. I shall neither depart upward nor depart downward.

The district judge then imposed a sentence of twelve months imprisonment, three years of supervised release and a $50 special assessment. This appeal followed.

## DISCUSSION

Adeniyi contends that the district court incorrectly applied the Guidelines and should have departed downward because "[his] total effective sentence of twenty-

two months when his Guideline Sentencing Range was 6–12 was the anomolous [sic] result of independent state and federal prosecutions for the same conduct." Adeniyi's claim raises three issues: 1) which version of § 5G1.3 applies to Adeniyi's sentencing; 2) whether a downward departure was discretionary under the applicable version; and 3) whether the district court's refusal to depart downward is reviewable.

■ Under the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 *et seq.* (1988), and 28 U.S.C. §§ 991–98 (1988), a district court should consider the guidelines and policy statements that are in effect on the date the defendant is sentenced, not on the date the crime was committed, *see* 18 U.S.C. § 3553(a)(4), (5) (1988); *United States v. Lara,* 905 F.2d 599, 602 (2d Cir.1990), barring any *ex post facto* violation, *see Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).[1] On November 1, 1989, after Adeniyi had committed the crime but before his federal sentence was imposed, an amendment to § 5G1.3 became effective. The amended version provides that if the defendant commits the instant offense while serving a term of imprisonment, the court shall impose the sentence for the instant offense to run consecutively to the unexpired term of imprisonment. U.S.S.G. § 5G1.3 (Nov. 1989).[2] Since Adeniyi was sentenced after November 1, 1989, the amended version of § 5G1.3 is applicable to his sentencing.

■ The amended guideline applied if the defendant committed the instant offense while serving an unexpired term of imprisonment. Adeniyi, however, did not commit his crime while serving a term of imprisonment, and had completed his state sentence before his federal sentence was imposed. Even if Adeniyi had been serving an unexpired term of imprisonment, the

commentary to § 5G1.3 no longer suggests circumstances that may warrant departure from the Guidelines. Instead, it specifies that if the defendant did not commit the instant offense while serving an unexpired term of imprisonment, the court may impose the sentence for the instant offense to run consecutively or concurrently with the unexpired term of imprisonment. *Id.; see United States v. Miller,* 903 F.2d 341, 348 (5th Cir.1990). We read this to mean that the district court herein was under no obligation to depart from the Guidelines range of six to twelve months of imprisonment.

■ We now address whether the district court's discretionary refusal to depart from the applicable Guidelines range is reviewable. A defendant may appeal his sentence if it was imposed (1) in violation of law, (2) as a result of an incorrect application of the Guidelines, (3) as an upward departure from the Guidelines range, or (4) for an offense for which there is no guideline and the sentence is plainly unreasonable. *See* 18 U.S.C. § 3742(a) (1988). Having considered the legislative history and statutory language of § 3742, this Court previously has determined that Congress did not provide for appellate review of sentences which are within the Guidelines, and has concluded that a discretionary decision not to depart downward from a Guidelines sentence is not reviewable, absent a showing that a violation of law occurred or that the Guidelines were misapplied. *United States v. Soliman,* 889 F.2d 441, 443 (2d Cir.1989); *United States v. Colon,* 884 F.2d 1550, 1552–56 (2d Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989); *see United States v. Romero,* 897 F.2d 47, 54 (2d Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3253, 111 L.Ed.2d 762 (1990).[3]

---

**1.** It should be noted that the *ex post facto* issue was not raised on appeal, and thus, we do not address it.

**2.** Accompanying the amendment was the Sentencing Commission's following statement: "Reason for Amendment: This amendment specifies circumstances in which a consecutive sentence is required by the guidelines. Erroneous language in the Commentary to this guideline concerning 18 U.S.C. § 3584(a) is deleted." Amendment of Guideline § 5G1.3, 54 Fed.Reg. 21,383 (1989); *see* U.S.S.G. App. C, ¶ 289, at 150 (Nov.1989).

**3.** While their theoretical approaches have differed, ten circuit courts of appeal have concluded that appellate review of a sentencing court's discretionary refusal to depart downward from the Guidelines is generally unavailable. *See United States v. Ortez,* 902 F.2d 61, 63–64 (D.C. Cir.1990); *United States v. Davis,* 900 F.2d 1524, 1529–30 (10th Cir.1990); *United States v. Morales,* 898 F.2d 99, 101 (9th Cir.1990); *United States v. Bayerle,* 898 F.2d 28, 30 (4th Cir.), *petition for cert. filed,* 58 U.S.L.W. 3819 (U.S.

A decision not to depart downward would be "in violation of law" under § 3742(a)(1) if it was based upon constitutionally impermissible considerations or an erroneous interpretation of law, such as a sentencing court's mistaken conclusion that it lacked the statutory authority to depart. *See Colon*, 884 F.2d at 1552–53. It would be an "incorrect application" under § 3742(a)(2) if it was "incorrectly *calculated* or was based on clearly erroneous factual findings concerning offender/offense levels, characteristics or adjustments." *Id.* at 1554 (emphasis added). Neither of these exceptions is present herein. Consistent with the holdings in *Colon* and *Soliman*, under the circumstances presented herein, we may not review the district court's refusal to depart from the applicable Guidelines range.

Appeal dismissed.

June 7, 1990) (89–1934); *United States v. Evidente*, 894 F.2d 1000, 1003 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990); *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir.1989); *United States v. Tucker*, 892 F.2d 8, 11 (1st Cir.1989); *United States v. Draper*, 888 F.2d 1100, 1105 (6th Cir.1989); *United States v. Franz*, 886 F.2d 973, 978 (7th Cir.1989); *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir.1989); *see also United States v. Rojas*, 868 F.2d 1409, 1410 (5th Cir.1989) ("A claim that the district court refused to depart from the guidelines and imposed a lawful sentence provides no ground for relief.").