**UNITED STATES of America, Appellee,**

*v.*

**Derrick RICHARDSON, Defendant–Appellant.**

**No. 184, Docket 90–1272.**

United States Court of Appeals, Second Circuit.

Argued Sept. 18, 1990.

Decided Jan. 4, 1991.

MESKILL, Circuit Judge:

This is an appeal from a judgment of sentencing entered by the United States District Court for the Southern District of New York, Conboy, J., committing defendant-appellant Derrick Richardson to 168 months in custody, as computed under the career offender provision of the United States Sentencing Guidelines (Guidelines). The issue on appeal is whether the district court erred in holding that it lacked the authority to depart downward from the Guidelines on the basis of the small amount of cocaine involved in Richardson's offense.

We dismiss the appeal.

## BACKGROUND

Richardson was arrested on September 29, 1989 by a United States Park Police officer for the sale of one-half gram of cocaine, a felony. Richardson pleaded guilty to the charges of distributing cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C). In 1977 Richardson pleaded guilty to robbery and in 1981 to robbery and assault with intent to cause serious physical injury. These two felony convictions, having occurred within the prior fifteen years, subjected Richardson to section 4B1.1, the career offender provision of the Guidelines, which substantially enhances the sentences of recidivists. Before Richardson entered the plea on the 1989 charges, his attorney made clear Richardson's understanding that he would be sentenced as a career offender.

Under section 4B1.1 the sentence range for Richardson was 168–210 months. The district court refused Richardson's request for a downward departure based on the small amount of cocaine involved and the length of time that had elapsed since the earlier felony convictions. Commenting on the small amount of time served by Richardson for his prior felony convictions and the small amount of cocaine involved in the instant offense, the court sentenced Richardson to 168 months, the lowest term

Henriette D. Hoffman, The Legal Aid Soc., Federal Defender Services Unit, New York City, for defendant-appellant.

Richard E. Signorelli, Asst. U.S. Atty., S.D.N.Y., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Daniel C. Richman, Asst. U.S. Atty., S.D.N.Y., New York City, of counsel), for appellee.

Before OAKES, Chief Judge, MESKILL, Circuit Judge, and RESTANI,* Judge.

* Honorable Jane A. Restani, *Judge*, United States Court of International Trade, sitting by designa-  tion.

within the applicable range. On appeal, the sentence was vacated and the action was remanded for resentencing and clarification of the record, *United States v. Richardson,* No. 90–1036 (2d Cir. Feb. 15, 1990), because the sentencing court had misread the record on Richardson's previous time served.[1]

On remand, the district court resentenced Richardson to 168 months. In doing so, the court again rejected downward departure based on the modest amount of cocaine involved. The court felt compelled by the relevant Guidelines provision to resist a downward departure and concluded that Richardson had not provided any valid or adequate basis for such a departure. On appeal, the issue is whether the district court erred in believing that the small amount of cocaine involved could not provide a basis for a downward departure from the Guidelines.

## DISCUSSION

Section 4B1.1 is the career offender section of the Guidelines. It states, in pertinent part:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

United States Sentencing Commission, *Guidelines Manual* § 4B1.1 (Nov. 1989). Section 4B1.1 dramatically increases the base offense level for sentence computation and mandates use of a criminal history category of VI. As a result, the career offender provision produces sentences far longer than those resulting from computation under the regular Guidelines provisions. This is in keeping with the congressional mandate that career offenders be sentenced at or near the maximum sentence permitted under the statute. 28 U.S.C. § 994(h).

■ Departure from the Guidelines is permitted when the court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). A decision not to depart downward from the applicable Guidelines range is not appealable when the Guidelines provision was correctly applied and the sentence is not in violation of the law. *United States v. Colon,* 884 F.2d 1550, 1552–53 (2d Cir.), *cert. denied sub nom. Papathanasion v. United States,* — U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). An appeal may be heard, however, when a refusal to depart is based on a mistaken view that the Sentencing Commission precluded the departure in question. *United States v. Sharpsteen,* 913 F.2d 59, 63 (2d Cir.1990); *United States v. Adeniyi,* 912 F.2d 615, 618–19 (2d Cir.1990).

There is no question about the applicability to Richardson of the career offender provision. The authority of the court to depart and the propriety of such a departure, however, are at issue. The district court, in resentencing Richardson, stated that "[u]nder the circumstances we feel we are constrained by the guidelines that control here to resist a downward departure in this case." Richardson's contention, that the district court mistakenly believed it did not have the authority to depart based on quantity and that the Sentencing Commission did not intend such harsh treatment for street dealers, requires us to determine whether quantity was considered in the career offender regulation and, if so, whether it was adequately considered. *See* 18 U.S.C. § 3553(b).

---

**1.** The court, in initially sentencing Richardson, believed that Richardson served seven months and nine and one-half months respectively for his 1977 and 1981 felonies. Richardson actually served a total of seven years and eight months for his two prior felonies.

The legislative history to the Guidelines and the language of the career offender proviso do not differentiate among types of dealers and do not in any way advocate treating street dealing career offenders differently from other career offenders. On the contrary, consistent treatment of all recidivists is encouraged. This is evidenced in part by the inclusion of prior state felonies as qualifying predicate offenses for career offender status. Other indications include the statements of Senator Kennedy who, in referring to a study, stated that "the average drug dealer has committed at least five assaults and robberies against strangers in order to ply his trade.... Career criminals must be put on notice that their chronic violence will be punished by maximum prison sentences for their offense without parole." 128 Cong. Rec. 26,517 (1982). Section 4B1.1 poses just this sort of deterrence, threatening prolonged incarceration for violent or drug related felony recidivism.

The structure of section 4B1.1 is consistent with the legislative discussions advocating harsh treatment for all recidivists. The rule focuses on the recurrence of offenses rather than on the specifics of the most recent offense. As a result, section 4B1.1 does not expressly consider the quantity of a controlled substance involved in an offense. Section 4B1.1, however, does implicitly consider quantity. The career offender base offense level is derived from the statutory maximum penalty for the underlying offense; the statutory maximum sentence, in turn, is based on the quantity of drugs involved. The consideration of controlled substance quantity, therefore, is inherent in every career offender sentence.

To determine whether quantity was "adequately considered" when section 4B1.1 was created so as to preclude using quantity as a basis for departure, the purpose of and need for departure must be examined. In drafting the Guidelines, the Sentencing Commission set out its goals in the following manner:

> The Commission intends the sentencing courts to treat each guideline as carving out a "heartland," a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.

United States Sentencing Commission, *Guidelines Manual* at 1.6 (Nov. 1989). The Sentencing Commission went on to set forth the criteria for departure, that is, when a court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b).

■ The use of quantity as a basis for downward departure under the career offender provision is an issue of first impression in this Court. We must determine as a matter of law whether the quantity involved is a factor not adequately considered by the Sentencing Commission so as to warrant a downward departure. *United States v. Barone*, 913 F.2d 46, 50 (2d Cir.1990). An examination of the relevant statute, the Guidelines and the policy statements and official commentary of the Sentencing Commission, 18 U.S.C. § 3553(b), leads us to the conclusion that a small quantity of controlled substance is not a basis for downward departure from the career offender Guidelines range. Meager quantity was adequately considered by the Sentencing Commission in formulating section 4B1.1. As noted, *supra*, that Guidelines provision is designed to increase significantly the term of incarceration for career offenders. Quantity is implicitly and, in our view, adequately considered in the computation of the base offense level. Furthermore, a sentencing court has discretion to give additional consideration to drug quantity when determining where in the applicable range a violator should be sentenced. The Sixth Circuit has also concluded that a minimal quantity of a controlled substance is to be disregarded as a basis for a downward departure when sentencing career offenders. *See United States v. Hays*, 899 F.2d 515, 519–20 (6th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 385, 112 L.Ed.2d 396 (1990).

The relevant factors in Richardson's case do not invite a more lenient sentence. Richardson's history fits the Guidelines' description of a career offender. He has two adult felony convictions for crimes of violence in the last fifteen years. The sentence now being appealed involved a conviction of a felony drug offense. The small quantity of drugs involved does not take Richardson out of the "heartland" of cases covered by the Guidelines. To allow departure based on small quantity would undermine the intent of the provision, that is, to punish felony recidivists.

Richardson also contends that the length of time that elapsed since his prior felony convictions also provides a basis for departure. We disagree. The Sentencing Commission sufficiently considered time when it determined that all felony convictions within the past fifteen years should be considered. That Richardson's felony convictions took place ten and twelve years ago affects where in the Guidelines range his sentence should fall, not whether or not departure is proper.

The district court, therefore, properly held that the small quantity of drugs involved in Richardson's instant offense and the length of time elapsed since Richardson's prior felony convictions did not provide a basis for a downward departure.

Because Richardson was sentenced within the Guidelines and the Guidelines' provision was properly applied, the district court's decision not to depart downward is not appealable. Therefore, we dismiss the appeal.

---

RESTANI, Judge:

I concur in both the result and the reasoning of the majority. No opinion is offered as to whether the trial judge, in the absence of the Federal Sentencing Guidelines, would have or should have imposed a more lenient sentence in this particular case. I would observe, however, that application of the career offender provision of the Guidelines in certain cases may be overly harsh and the lack of discretion allowed the trial judge is disturbing. Nonetheless, curtailment of judicial discretion is what Congress intended by approval of the career offender provision in particular, and the Guidelines in general. Any remedy lies with Congress.