UNITED STATES of America, Appellee,

v.

Trevor J. RITCHEY, Defendant–
Appellant.

No. 247, Docket 91–1333.

United States Court of Appeals,
Second Circuit.

Submitted Nov. 6, 1991.

Decided Nov. 14, 1991.

William P. Fanciullo, Albany, N.Y., filed a brief, for defendant-appellant.

Bernard J. Malone, Jr., Asst. U.S. Atty., Albany, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Albany, N.Y., of counsel), filed a brief, for appellee.

Before CARDAMONE, PIERCE and MINER, Circuit Judges.

PER CURIAM:

Trevor J. Ritchey appeals from the sentence imposed on May 16, 1991 by the United States District Court for the Northern District of New York (McAvoy, J.) upon his plea of guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).

A.

On October 29, 1990, the 19-year-old appellant entered a bank in Rotterdam, New York and handed the teller a note stating in substance that "This is a holdup. Give me the money or I will start shooting." The teller gave Ritchey approximately $2,109, at which point Ritchey told her that it was enough and fled. As he ran out of the bank his hat, with the letters "S.S.D.D." on the front, fell off. It was later recovered by the police. This hat had been borrowed that morning by appellant from Steven Bault, the father of one of Ritchey's friends, with whom he had been living at the time.

After the robbery, the Baults saw media reports describing the hat the robber had been seen wearing, and also found what was apparently a practice holdup note that Ritchey had written. They contacted Sandi and Donald Williams, Ritchey's mother and stepfather. At the same time, a family friend saw Ritchey in Florida and informed his mother. Ritchey's mother and stepfather, after grappling with the question of what was in the best interest of their son, eventually contacted the Rotterdam Police Department. Appellant was subsequently arrested in Florida.

Upon arrest, Ritchey confessed to the bank robbery. Although a good student who held a part-time job, he had become involved with drugs and, as he explained to the arresting officer, had committed the robbery in order to get enough money to leave the drug environment he was in and start a drug-free life in a new area.

On February 5, 1991 appellant entered a guilty plea to the robbery charge pursuant to a plea agreement that included, under the sentencing guidelines, a two-point reduction for acceptance of responsibility and excluded the two-point specific offense characteristic for express threat of death. Based on the plea agreement and the absence of any criminal history, appellant's total offense level was determined to be 20, with a sentencing range of 33 to 41 months.

Ritchey's counsel submitted a motion for a downward departure based on (1) the societal interest in encouraging resort to law enforcement officials; (2) post-arrest rehabilitation and the fact that a long incarceration would prove counterproductive; (3) the potential for victimization in jail; (4) extraordinary family ties and relationships; (5) the amount of money taken; (6) the complete lack of sophistication with which the crime was committed; and (7) the fact that the conduct was an aberration from Ritchey's normal behavior. The district court denied the motion to depart down-

ward, making what appears to us to be an ambiguous statement regarding its authority to depart from the guidelines. It then sentenced appellant to 33 months imprisonment, a sentence at the low end of the guidelines range.

### B.

It has been firmly established that a district court's exercise of judicial discretion not to grant a downward departure when imposing sentence is unappealable. *See United States v. Richardson,* 923 F.2d 13 (2d Cir.1991); *United States v. Prescott,* 920 F.2d 139 (2d Cir.1990); *United States v. Soliman,* 889 F.2d 441 (2d Cir.1989); *United States v. Colon,* 884 F.2d 1550 (2d Cir.), *cert. denied,* 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). An exception to this rule exists when a sentencing court mistakenly concludes as a matter of law that it lacks the legal authority to grant a downward departure. *United States v. Sharpsteen,* 913 F.2d 59, 63 (2d Cir.1990); *United States v. Adeniyi,* 912 F.2d 615, 619 (2d Cir.1990).

In the instant case the district court had the legal authority to depart downward. *See, e.g., Sharpsteen,* 913 F.2d at 63 (court may take into account extraordinary family ties and relationships for departure downward); *United States v. Jagmohan,* 909 F.2d 61, 65 (2d Cir.1990) (lack of sophistication in completing crime may be proper ground for departure); *United States v. Lara,* 905 F.2d 599, 603 (2d Cir. 1990) (extreme vulnerability of a defendant and potential for victimization may be proper ground for departure); *United States v. Dickey,* 924 F.2d 836, 838 (9th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991) (single act of aberrant behavior may justify downward departure).

We are unable to determine from the record whether the district court's refusal to depart downward was based on an exercise of discretion or a mistaken conception of its authority under the guidelines. The trial judge stated:

> I have the authority, but I really don't think that if I did so—I believe I would be violating the law. I know that sounds like it is in opposite of one another, but

that's not the case at all. The Court's got the authority to depart from the guidelines whenever it feels it can do so justifiably and within the meaning of the interpretation of the guidelines through the courts and the statutes itself. I don't think I have a case where I can.

This statement strikes us as ambiguous in that although it may be read as a declination to exercise discretion in appellant's favor, it may also indicate that the court felt constrained under the law to deny the request for a downward departure.

Under the circumstances, it seems advisable to remand for sentence reconsideration, not because the sentence was in error, but simply to make certain that the sentencing court understood it had the discretion to depart downward in this case, were it so advised. The only question to be resolved on remand is whether the sentencing court knew it had authority to downwardly depart in this case; if it did, then the sentence imposed should stand. If the district court was not aware it had such authority, however, then appellant should be resentenced in light of the proper recognition of its authority. *See Sharpsteen,* 913 F.2d at 64.

The matter is remanded to the district court for further proceedings in accordance with this per curiam.