UNITED STATES of America, Appellee,

v.

Thomas MICKENS, et al., Defendants,

Bettina Jacobs Celifie, Defendant–Appellant.

No. 1744, Docket 92–1108.

United States Court of Appeals, Second Circuit.

Argued July 15, 1992.

Decided Oct. 13, 1992.

Chris P. Termini, Melville, N.Y. (Scalzi & Nofi, Melville, N.Y., of counsel) for defendant-appellant.

Kirby A. Heller, Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Susan Corkery, Asst. U.S. Atty., E.D.N.Y., of counsel) for appellee.

Before: ALTIMARI, MAHONEY and WALKER, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendant-appellant Bettina Jacobs Celifie appeals from a judgment entered on September 20, 1991, in the United States District Court for the Eastern District of New York (Thomas C. Platt, *Chief Judge*) convicting her of: (1) conspiring to defraud the United States, in violation of 18 U.S.C. § 371; (2) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (3) evasion of currency reporting requirements, in violation of 31 U.S.C. § 5324(3). This judgment was entered on remand from a decision of this Court, which held that the district court had improperly granted Celifie a downward departure from the applicable range specified by the United States Sentencing Guidelines ("Guidelines"). *See United States v. Mickens*, 926 F.2d 1323 (1991), *cert. denied*, — U.S. —, 112 S.Ct. 940, 117 L.Ed.2d 111 (1992) ("*Mickens I* ").

On remand, the district court did not depart from the Guidelines formula and accordingly, sentenced Celifie at the bottom end of the applicable range. In the instant appeal, Celifie contends that by again refusing to depart from the Guidelines, the district court misinterpreted this Court's mandate in *Mickens I* and mistakenly believed it had no authority to depart.

For the reasons set forth below, the judgment of the district court is vacated and the case remanded for re-sentencing.

## BACKGROUND

Bettina Jacobs Celifie was a minor player in a lucrative narcotics distribution operation conducted by Thomas Mickens between 1984 and 1987. Celifie's role in the Mickens organization involved concealing a portion of the illicit proceeds. In this role, Celifie purchased a condominium for Mickens using one of his aliases and her address. Celifie also purchased a yacht for Mickens using the name of her interior design company.

After a four-month trial involving Celifie and two co-defendants, Celifie was convicted of: (1) conspiring to defraud the United States, in violation of 18 U.S.C. § 371; (2) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and, (3) evasion of cur-

rency reporting requirements, in violation of 31 U.S.C. § 5324(3). At the close of the trial, the jury sent the district court a note which asked for leniency in sentencing Celifie. The jury did not elaborate on its reasons for requesting special treatment in her behalf.

In preparing Celifie's pre-sentence report, the probation department calculated her base offense level to be 24 and accorded her a two-level downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. This calculation resulted in a total offense level of 22 which, in connection with a criminal history category of I, yielded a sentencing range of 41–51 months. The pre-sentence report noted Celifie's claims that she was abused by her husband while he was under the influence of alcohol and narcotics. It did not, however, find any factors warranting a departure from the Guidelines.

At Celifie's original sentencing on December 14, 1989, the district court accepted the offense level calculations contained in the pre-sentence report, but rejected the report's conclusion that a departure from the calculated range was not warranted. Relying on the jury note, which asked the court for leniency in Celifie's behalf, and on Judge Platt's own unexpressed opinion that mitigating factors were present, the district court downwardly departed from the Guidelines range and sentenced Celifie to 18 months imprisonment to be followed by two years of supervised release.

The government appealed the district court's downward departure from the Guidelines. In *Mickens I*, this Court held that although "[t]he jury's sympathy for Celifie may reflect circumstances that the court could appropriately consider," it was inappropriate for the district court to grant such a departure *solely* on the basis of a jury's recommendation. *Mickens I*, 926 F.2d at 1333. Accordingly, Celifie's judgment of conviction was vacated and her case remanded for re-sentencing.

On remand, additional facts pertaining to Celifie's circumstances were brought to the attention of the district court. As the prob-

able result of her criminal prosecution, Celifie had lost custody of her child and possession of her home in divorce proceedings which were commenced immediately following her arrest. She is permitted only limited supervised visitations with her child at a local courthouse for which she pays a $30 per-hour fee. In addition, Celifie is required to pay $569 per month in child support.

Celifie is currently employed as a registered nurse at Loma Linda Medical Center in Loma Linda, California and hopes to return to school to study interior design. She expressed her desire to continue her financial support of her child. However, Celifie will lose her job, which is her only means of financial support, if she is incarcerated for a period greater than six months.

The probation department updated Celifie's pre-sentence report to reflect these facts. However, its recommendation of 41–51 months remained essentially unchanged.

Celifie again moved for a downward departure. Celifie offered various factors which she contended were mitigating circumstances warranting downward departure. Principally, Celifie contended that her husband's abusive treatment of her, which she claims was linked to his alcohol and narcotics abuse, was the motivation for her entrance into the interior decorating business through which she became involved with Mickens. Celifie pointed to the jury note specifically requesting that she be treated leniently as evidence that her circumstances are indeed extraordinary. Celifie argued that, based on her particular circumstances, a departure in her sentencing would be consistent with both *Mickens I* and other relevant case law.

Once again, the government opposed a downward departure arguing, that the "tempestuous nature of the Celifies' marriage is irrelevant to sentencing." With regard to Celifie's argument relating to the jury's request for leniency, the government stated its belief that *Mickens I*, specifically "rejected [this] ground[ ] as a proper basis for a downward departure in this case."

At sentencing, the district court explained its reading of *Mickens I:*

THE COURT: [W]e're back here because the Second Circuit says it is improper to take a jury's recommendation into account for a lenient sentence because the guidelines don't provide for it.

\* \* \* \* \* \*

The jury wrote me in unmistakable terms, that I ought to consider it and take it into account. The Second Circuit doesn't understand that language, with all due respect. So they reversed, sent it back, and said I shouldn't have taken the jury's request into consideration.

\* \* \* \* \* \*

I have the greatest sympathy for your position as evidenced by my sentence, which I thought was eminently fair. Perhaps not as fair as you thought it was, but eminently fair. In effect, the Court of Appeals told me to restore on the minimum of 41 months, unless I can point to a basis for justifying a downward departure. Over the last several months I have been working with the probation department, ... to try and devise some basis where I could point to one or more factors.... I feel my hands are tied. I've done what I could.

Again accepting the pre-sentence report's calculation of a base offense level of 24, the district court granted Celifie a four-level downward adjustment for her minimal role in the offense, pursuant to U.S.S.G. § 3B1.2(a), and a two-level downward adjustment for her acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. These adjustments resulted in a total offense level of 18, which when combined with a criminal history category of I, yielded a sentencing range of 27 to 33 months. The court sentenced Celifie to 27 months imprisonment.

After pronouncing sentence, the court explained its position to defense counsel:

THE COURT: I would welcome your attempt to see if you can't get [the Court of Appeals] to restore the 18 months, or reduce it to six months, or to rethink the question of what the jury meant. And

on appeal, I think the jury meant that I should exercise the ultimate sympathy for her circumstances; I tried my best to evaluate that. They thought it was an overreaction to the jury's request.

\*    \*    \*    \*    \*    \*

DEFENSE COUNSEL: I want to be clear cut when I go back up there. Is the Court indicating it is finding my client was not abused, not hit, not struck by this individual, or is it not a factor?

THE COURT: It is not a factor.

\*    \*    \*    \*    \*    \*

I used those factors in going to 18 before, and they rejected it, in effect. They said the jury's verdict should play no role, in effect.

MR. TERMINI: I want to place on the record what I found out from the jury. I spoke to two individuals right after the—

THE COURT: You can't speak for the jury.

MR. TERMINI: I know I can't. I want to say for the record, when I spoke to two individuals after the trial and I asked them what happened with respect to her, they started to cry and they indicated to me the only way that they could reach a unanimous decision as to Ms. Celifie was under the premise that she would not go to jail.

Celifie now appeals the refusal of the district court to downwardly depart from the Guidelines.

## DISCUSSION

A sentencing court may impose a sentence outside the range established by the Guidelines if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b) (1988). The Sentencing Guidelines themselves list several factors which may constitute a basis for departure. *See* U.S.S.G. §§ 5K2.1, p.s.–5K2.16, p.s. This list is not, however, exhaustive, and leaves "the application of other factors to the discretion of the sentencing judge." *United States v. Lara,*

905 F.2d 599, 602 (2d Cir.1990); *see also* U.S.S.G. § 5K2.0.

■ A district court's refusal to grant a departure from the applicable Guidelines is generally not subject to appellate review. *See, e.g., United States v. Ritchey,* 949 F.2d 61, 63 (2d Cir.1991) (per curiam); *United States v. Richardson,* 923 F.2d 13, 15 (2d Cir.1991). An exception to this rule exists where a sentencing court's refusal to depart is based on the mistaken conclusion that, as a matter of law, the court did not have the authority to depart. *See United States v. Rogers,* 972 F.2d 489, 492 (2d Cir.1992); *Ritchey,* 949 F.2d at 63; *Richardson,* 923 F.2d at 15.

■ There is no doubt that the district court believed itself constrained by *Mickens I* to deny the request for a downward departure. Indeed, the district court was explicit at sentencing that but for the judgment of this Court in *Mickens I*, Celifie would have been accorded a departure from the Guidelines. We therefore consider whether, in light of the particular factors present in Celifie's case, the district court did, in fact, have the authority to depart. However, while "purely legal issues arising from the interpretation of the Guidelines are reviewed *de novo,*" *United States v. Charria,* 919 F.2d 842, 849 (2d Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 62, 116 L.Ed.2d 38 (1991), our determination of whether particular factors warrant departure must rest on an assessment of the facts. As an appellate court, we are not in a position to make *de novo* factual findings. We instead must rely on the findings of the district court which we will overturn only if "clearly erroneous." *See, e.g., United States v. Garcia,* 936 F.2d 648, 656 (2d Cir.), *cert. denied sub nom. Cabrera v. United States,* —— U.S. ——, 112 S.Ct. 595, 116 L.Ed.2d 619 (1991). Unfortunately, we have not been provided with factual findings. Our review of the record reveals only a series of contentions by Celifie—many of which are disputed by the government.

Celifie explains that her involvement with Mickens began in connection with her

interior decorating business which she founded as a refuge from an abusive marriage. The man who was both her husband and the government's key prosecuting witness against her, was, according to Celifie, also her batterer. According to Celifie, she had nothing to gain from her cooperation with Mickens with the exception of a ride on the yacht she helped purchase. At one point, Celifie contended that she was not even aware of the illegal nature of her dealings with Mickens until she was already deeply involved.

In general, Celifie portrays herself as a battered wife who has already paid a high price for unfortunate choices she made while attempting to escape an abusive marriage. Celifie points out that she remains arrest free and has maintained a clean employment record while continuing financial support of her child. Celifie contends that her circumstances persuaded the district court that extraordinary leniency was appropriate.

The government disputes Celifie's version of the facts in certain regards. In particular, the government argues that there is no evidence that spousal abuse took place or was a factor in her criminal activities.

Presented with conflicting versions of Celifie's circumstances, our analysis is at an impasse. The facts of Celifie's case, as Celifie describes them, suggest that a departure from the Guidelines *may* be appropriate. *See generally Rogers*, at 493; *United States v. Johnson*, 964 F.2d 124, 129 (2d Cir.1992). However, as an appellate court, we can not make the factual assessments necessary to determine whether Celifie's case presents a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (1988).

It was precisely because the district court did not conduct any independent fact-finding that Celifie's judgment of conviction and sentence were vacated and the case remanded for re-sentencing in *Mickens I*. It is for this same reason that we must again vacate and remand this case for re-sentencing.

In remanding this case for re-sentencing, we do not wish to diminish the significance of the jury's request for leniency. Where a jury's request for leniency appears to be a rational response to facts and circumstances placed before it which would themselves lead a court to consider a downward departure, and the district court so finds, the jury's request also may be taken into account. This is in accord with what we held in *Mickens I*. However, a jury may be motivated by impermissible factors in requesting special treatment for a defendant. *See, e.g.,* U.S.S.G. § 5H1.10. The determination as to whether, based on articulated and permissible factors, a departure is warranted, remains with the sentencing judge. We remand this case to enable the district court to make this determination.

We note that the failure of the district court to make the necessary factual findings following *Mickens I* was the result of the district court's misinterpretation of our holding as foreclosing the possibility of departure for Celifie. Indeed, it is noteworthy that Chief Judge Platt urged defense counsel to seek a reversal of his refusal to depart in the hope that a clarification of *Mickens I* would enable him to consider Celifie for a departure. This explicit invitation for reversal from a jurist of long and distinguished service is a clear indication that Chief Judge Platt did not believe justice was served by the sentence he imposed. Because *Mickens I* did not foreclose the possibility of departure for Celifie, we remand this case and provide Chief Judge Platt the opportunity "to fulfill the traditional role of a district judge in bringing compassion and common sense to the sentencing process." *Rogers*, at 495. Neither the Sentencing Guidelines nor *Mickens I* intended to alter this role.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is vacated and the case remanded for re-sentencing.