107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Gus REYNOLDS and Daniel Scott, also known as "Short Man,"
Defendants-Appellants.
 Nos. 95-1017(L), 95-1039, 95-1082.
 United States Court of Appeals, Second Circuit.
 Nov. 13, 1995.
 
 1
 Appeals from the United States District Court for the Eastern District of New York.
 
 
 2
 Appearing for Appellants: Trevor L.F. Headley, Brooklyn, N.Y.; B. Alan Seidler, Nyack, N.Y.
 
 
 3
 Appearing for Appellee: Judith Lieb, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 
 
 4
 E.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 These causes came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and were submitted by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgments of said District Court be and they hereby are affirmed.
 
 
 8
 Defendants Gus Reynolds and Daniel Scott appeal from judgments of the United States District Court for the Eastern District of New York, Raymond J. Dearie, Judge, convicting them of conspiring to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951. Reynolds, who was convicted after trial, was sentenced principally to 87 months' imprisonment, to be followed by a three-year term of supervised release. Scott, who entered a plea of guilty, was sentenced principally to 168 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Reynolds contends that the evidence was insufficient to establish his knowing participation in the conspiracy. Scott contends that, in calculating his sentence under the federal Sentencing Guidelines ("Guidelines"), the district court erred (a) in concluding that it was reasonably foreseeable to Scott that an accomplice would brandish a firearm during a hijacking in furtherance of the conspiracy, and (b) in declining to depart downward in view of Scott's guilty plea and his alleged cooperation and assistance to the government. Finding no merit in defendants' contentions, we affirm the judgments.
 
 1. Reynolds's Sufficiency Challenge
 
 9
 In order to prove a defendant guilty of conspiracy, the government must prove more than that he was simply present at the scene of an offense. See, e.g., United States v. Gaviria, 740 F.2d 174, 183 (2d Cir.1984); United States v. Soto, 716 F.2d 989, 991-92 (2d Cir.1983); United States v. Johnson, 513 F.2d 819, 823-24 (2d Cir.1975). Nonetheless, the government "need not present evidence of an explicit agreement; proof of a tacit understanding will suffice." United States v. Skowronski, 968 F.2d 242, 247 (2d Cir.1992); see also United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1191 (2d Cir.), cert. denied, 493 U.S. 933 (1989). Circumstantial evidence may be sufficient to prove a defendant's conspiratorial intent, see, e.g., United States v. Barnes, 604 F.2d 121, 161-62 (2d Cir.1979), cert. denied, 446 U.S. 907 (1980), or participation, see, e.g., United States v. Sanzo, 673 F.2d 64, 69 (2d Cir.), cert. denied, 459 U.S. 858 (1982). Such circumstantial evidence may include acts or statements that exhibit a consciousness of guilt.
 
 
 10
 In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden. In reviewing such a challenge, we view the evidence "in the light most favorable to the government," United States v. Gordon, 987 F.2d 902, 906 (2d Cir.1993), drawing all inferences and resolving all issues of credibility in the government's favor, see, e.g., United States v. Weiss, 930 F.2d 185, 191 (2d Cir.), cert. denied, 502 U.S. 842 (1991). "[P]ieces of evidence must be viewed in conjunction, not in isolation," United States v. Podlog, 35 F.3d 699, 705 (2d Cir.1994), cert. denied, 115 S.Ct. 954 (1995), and the verdict will be sustained if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 11
 In the present case, the evidence went far beyond showing Reynolds's mere presence. The record included evidence that Reynolds was present at several conversations in which codefendants discussed the accomplishment of hijackings; that on several occasions, Reynolds helped to inventory the merchandise from hijacked trucks; that Reynolds wiped the fingerprints from a truck that had been hijacked, indicating he knew that the truck was connected with illegal activity; that codefendant Peterson showed Reynolds a gun Peterson had obtained to replace one lost during an aborted hijacking; and that Reynolds expressed concern to others involved in the hijackings that "[w]e are in the same trouble" and that he would "get the same rap" as Peterson and others. The evidence was thus ample to permit a rational juror to infer beyond a reasonable doubt that Reynolds knew of the existence of the hijacking conspiracy and willingly joined it.
 
 2. Scott's Sentencing Challenges
 
 12
 With respect to the calculation of the offense level for a defendant convicted of conspiracy, each coconspirator is to be held responsible for "all reasonably foreseeable acts ... of others in furtherance of the jointly undertaken criminal activity." Guidelines § 1B1.3(a)(1)(B); see also United States v. Rosa, 17 F.3d 1531, 1550 (2d Cir.), cert. denied 115 S.Ct. 211 (1994); United States v. Rivera, 971 F.2d 876, 892 (2d Cir.1992). In connection with a robbery conviction, a defendant's offense level is calculated with reference to, inter alia, whether a firearm was brandished, see Guidelines § 2B3.1(b)(2). The sentencing court's findings of fact are not to be overturned unless they are clearly erroneous. See 18 U.S.C. § 3742(e) (1988).
 
 
 13
 In the present case, the record included evidence that Scott and his coconspirators conducted "stakeouts" and "surveillances" of a potential target and that, prior to hijacking that target, they brought Scott's guns along "just in case something would happen where we couldn't pass it up, where it would be an easy high-jacking [sic ]." Their plan to use the guns for a hijacking ultimately was consummated. The district court's finding that it was reasonably foreseeable to Scott that a gun would be brandished in the course of that activity is not clearly erroneous.
 
 
 14
 Scott's contention that the district court should have granted a downward departure from the applicable Guidelines range is not reviewable on appeal. A sentencing "court's exercise of judicial discretion not to grant a downward departure when imposing sentence is unappealable." United States v. Ritchey, 949 F.2d 61, 63 (2d Cir.1991) (per curiam); see, e.g., United States v. Adeniyi, 912 F.2d 615, 618-19 (2d Cir.1990); United States v. Colon, 884 F.2d 1550, 1552 (2d Cir.), cert. denied, 493 U.S. 998 (1989). Though a defendant would retain his right to appellate review if the district court's refusal to depart downward had been based on its mistaken view that it lacked the authority to depart, see, e.g., United States v. Richardson, 923 F.2d 13, 15 (2d Cir.1991), the record in the present case gives no indication that the court believed it lacked authority or that it otherwise misapprehended or misapplied the law.
 
 
 15
 We have considered all of defendants' contentions that are properly before us and have found them to be without merit. The judgments of conviction are affirmed.