**UNITED STATES of America,
Appellee,**

v.

**Leonard PARKER, Defendant–
Appellant.**

**Nos. 00–1463(L), 00–1471(L).**

United States Court of Appeals,
Second Circuit.

Feb. 26, 2001.

Joseph A. Bondy, N.Y., NY, for appellant.

Christine Y. Chi, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present KEARSE, LEVAL, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court in No. 00–1471 be and it hereby is affirmed.

Defendant Leonard Parker appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before Deborah A. Batts, *Judge,* convicting him of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and bank fraud in violation of 18 U.S.C. § 1344, and sentencing him principally to a prison term of one year and one day, to be followed by a five-year term of supervised release. On appeal, Parker argues principally that he was denied due process in sentencing because the district court did not provide him with a psychiatric examination that would have illustrated the link between his criminal activity and post traumatic stress disorder so as to make him eligible for a downward departure. Finding no basis for reversal, we affirm.

The district court may, where necessary, authorize defense counsel to retain the services of a psychiatrist for a defendant who is financially unable to pay for them, *see* 18 U.S.C. 3006A(e)(1), "when the defense attorney makes a timely request in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them," *United States v. Durant,* 545 F.2d 823, 827 (2d Cir.1976) (citation and internal quotation marks omitted). In requesting services, the defendant "has the burden of satisfying the district court that the services are reasonably necessary [and] must articulate a reasonable basis for [the requested services]." *United States v. Sanchez,* 912 F.2d 18, 22 (2d Cir.1990) (internal quotation marks omitted). We review the district court's determination that such services are not necessary only for clear error. *See United States v. Harris,* 707 F.2d 653, 660 (2d Cir.1983).

In the present case, Parker's attorney wrote to the district court requesting authorization for a current psychiatric evaluation, stating that he was "concern[ed] about Mr. Parker's mental condition, which in my opinion has noticeably deteriorated in recent months" because in their last meeting Parker had been "withdrawn and uncommunicative." The court informed counsel that the stated basis for requesting the new evaluation was insufficiently specific and that counsel could submit a more informative request. In response, Parker's attorney sent the court another letter that did not expand upon his prior request but instead stated as follows:

I saw Mr. Parker today and he appeared considerably more responsive than he had in the past. He advised me that he had continued his sessions with the PTSD (Post Traumatic Stress Disorder) team from the Veterans' Administration

[including] psychiatrist[ ] Jeffrey S. Fine, M.D. Mr. Parker has agreed to request an updated report from Doctor Fine personally. Once I have this report, I will be in a better position to present a[ ] current evaluation of my client's present mental and emotional status.

Although Parker later outlined the legal theory underlying his request for a downward departure based on his mental capacity, the record does not indicate that he sent the court any other communication describing his mental condition in any way that suggested the need for an additional psychiatric evaluation. In all the circumstances, we see no error in the district court's denial of Parker's request for a psychiatric evaluation.

▬▬ To the extent that Parker contends that the district court should have departed downward, that contention is not properly before us. A sentencing court's refusal to depart is not appealable, *see, e.g., See United States v. Tenzer,* 213 F.3d 34, 42 (2d Cir.2000); *United States v. Adeniyi,* 912 F.2d 615, 618–19 (2d Cir.1990); *United States v. Colon,* 884 F.2d 1550, 1552 (2d Cir.), *cert. denied,* 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989), so long as it is not the result of an erroneous belief that the court lacks the power to depart, *see, e.g., United States v. Richardson,* 923 F.2d 13, 15 (2d Cir.1991). We see no indication that the court believed it lacked the authority to depart or applied an erroneous legal standard.

We have considered all of Parker's contentions that are properly before us and have found in them no basis for reversal. The judgment appealed in No. 00–1471 is affirmed.