UNITED STATES of America,
Appellee,

v.

Carlos Arturo GUTIERREZ,
Defendant–Appellant.

No. 01–1470.

United States Court of Appeals,
Second Circuit.

Dec. 13, 2002.

Monica R. Jacobson, New York, NY, for Appellant.

Ceci Scott, Assistant United States Attorney, Brooklyn, N.Y. (Alan Vinegrad, United States Attorney, and Eric R. Komitee, Assistant United States Attorney, on the brief), for Appellee.

VAN GRAAFEILAND, CARDAMONE, and JACOBS, Circuit Judges.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE

**544**

OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of December, two thousand two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the appeal be DISMISSED.

Defendant-appellant Carlos Arturo Gutierrez appeals from a judgment entered in the United States District Court for the Eastern District of New York (Block, *J.*) on August 24, 2001, convicting him, after his guilty plea, of one count of importing heroin in violation of 21 U.S.C. § 952(a) and sentencing him to 46 months in prison. Gutierrez is an amputee who is missing one leg just above the knee. On appeal, he argues that the district court erred in denying him a downward departure based on his physical impairment, and that the resulting sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.

■ 1. Gutierrez knowingly and voluntarily waived his right to appeal. *See United States v. Rosa*, 123 F.3d 94, 97 (2d Cir.1997); *United States v. Ready*, 82 F.3d 551, 555 (2d Cir.1996). He signed a written plea agreement providing that he "will not ... file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a sentence of 71 months or below." Plea Agreement, dated Mar. 16, 2001, at ¶ 4. When the magistrate judge asked him if he agreed to the terms of the written plea agreement, he replied, "Yes, ma'am." Pleading Tr. at 11. The magistrate judge also advised Gutierrez that "a very important provision of this plea agreement is that you've agreed not to appeal your sentence if it's 71 months or less." Pleading Tr. at 15. Gutierrez stated that he understood this provision and did not ask any questions about it when given the opportunity. *Id.*

■ 2. Even if Gutierrez had not waived his right to appeal, a district court's denial of a downward departure is not subject to appellate review so long as the court recognized (as here it did) its discretion to grant the departure. *See United States v. Ekhator*, 17 F.3d 53, 55 (2d Cir.1994); *United States v. Whittaker*, 999 F.2d 38, 43 (2d Cir.1993); *United States v. Richardson*, 923 F.2d 13, 15 (2d Cir.1991).

■ 3. To the extent Gutierrez challenges the district court's denial of the downward departure on constitutional grounds, we may decline to enforce the waiver of his appeal rights. *See Rosa*, 123 F.3d at 101. We will not do so here, however, because his Eighth Amendment claim is not presented properly for review in this direct appeal from the sentencing order. Gutierrez does not challenge the duration of his sentence, the only thing the downward departure could affect; he challenges the circumstances of its administration. He is not foreclosed from attempting to make the record that his incarceration violates the Eighth Amendment's prohibition against cruel and unusual punishment on the ground that his disability—and prison officials' failure to accommodate it—subjects him to painful conditions. *See Estelle v. Gamble*, 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). But nothing in the record here speaks to the prison officials' efforts (or lack thereof) to accommodate Gutierrez's disability since his sentencing.

For the reasons set forth above, the appeal is DISMISSED.