08-3637-cr
United States v. Venkataram

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the sixteenth day of December, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>             *Circuit Judges*,
> P. KEVIN CASTEL,
>             *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellees*,

>             -v.-                                                      No. 08-3637-cr

NATARAJAN R. VENKATARAM,

---

[*] The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

1

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**                    JOHN W. MITCHELL, New York, NY.

**FOR APPELLEE:**                    ANDREW S. DEMBER, Assistant United States Attorney (Arlo Devlin-Brown, Michael A. Levy, Assistant United States Atrorneys, *of counsel*, Lev L. Dassin, Acting United States Attorney for the Southern District of New York, *on the brief*)  Office of the United States Attorney for the Southern District of New York, New York, NY.

Appeal from a July 11, 2008 order of the United States District Court for the Southern District of New York (Robert P. Patterson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED AS MODIFIED.**

Defendant-appellant Natarajan Venkataram ("defendant") appeals from a judgment of conviction entered by the District Court following his guilty plea to one count of conspiracy to commit theft concerning a federal program and to commit money laundering, in violation of 18 U.S.C. § 371, one count of theft concerning a federal program in violation of 18 U.S.C. § 666(a)(1)(A), and fourteen counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I) and 1956(a)(2)(B)(I). Defendant was sentenced principally to concurrent terms of imprisonment of 60 months for count one, 120 months for count two, and 180 months for each count of money laundering, followed by concurrent terms of five years' supervised release. Defendant was also ordered to pay a $50,000 fine, to make $2,970,072 in restitution, and to forfeit $2,970,072. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

On appeal, defendant argues that the District Court erred in (1) calculating the loss amount resulting from his money laundering, (2) denying him the opportunity to call a specific witness to testify on the issue of loss, (3) declining to award an additional one-level reduction for acceptance of responsibility when calculating the applicable Guidelines range, (4) relying on the same conduct in applying the sophisticated means and sophisticated laundering enhancements, (5) applying the abuse-of-trust enhancement to defendant's sentence, (6) denying defendant's request for a "cumulative effects" departure, (7) failing to consider adequately defendant's finances when setting a restitution pay schedule, and (8) sentencing defendant to concurrent terms of five years' supervised release when only three years' supervised release is authorized. *See* 18 U.S.C. §§ 3559, 3583(b)(2).

2

First, defendant contends that the District Court erred in calculating loss under section 2B1.1(b)(1) of the U.S. Sentencing Guidelines. A district court "need only make a reasonable estimate of the loss," U.S.S.G. § 2B1.1, comment n.3(C), and where there is a loss that cannot be reasonably estimated, a district court may "use the gain that resulted from the offense as an alternative measure of loss." *Id.* at comment n.3(B). Whichever methodology it applies, the district court's loss calculation need only be supported by a preponderance of the evidence. *See, e.g.*, *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005). Defendant contests that the government did not prove "loss" but only proved defendant's "gain" and called it "loss." Defendant further argues that the District Court erred in relying on that mislabeled calculation. We cannot conclude that the District Court erred in this regard. Whether styled as a measure of loss or gain, the District Court made a "reasonable" estimation based on the record and evidence presented.

Related to the District Court's calculation of loss is defendant's argument that the District Court erred in denying defendant another opportunity or another extension of time to call a witness on the subject of loss calculation. Over the course of months, defendant changed positions on who he would call as a witness and when he would call them. The District Court, however, gave defendant numerous opportunities to offer evidence on the issue as well as multiple extensions of time to summon witnesses. On this record, we cannot say that the District Court erred in denying defendant's final request.

Defendant also challenges the District Court's refusal to "exercise discretion to mitigate the effect of [an] enhancement by making a downward departure," *United States v. Lauersen*, 348 F.3d 329, 344 (2d Cir. 2003), for either the sophisticated means or sophisticated laundering enhancements. It is, however, "firmly established that a district court's exercise of judicial discretion not to grant a downward departure when imposing sentence is unappealable." *United States v. Ritchey*, 949 F.2d 61, 63 (2d Cir. 1991). Defendant has not met any of the exceptions to this rule and we cannot say find any reason to overcome this presumption.

Defendant correctly contends (and the government concedes) that the District Court erred in imposing concurrent terms of five years' supervised release. Each of the offenses for which defendant was convicted are Class C or Class D felonies. The maximum term of supervised release for Class C and D felonies is three years. 18 U.S.C. § 3583(b)(2). Accordingly, we now modify the judgment of the District Court to impose a term of <u>three years' supervised release with respect to each of the sixteen counts, to be served concurrently</u>.

We have considered defendant's remaining arguments and find them to be without merit.

3

## CONCLUSION

Accordingly, we AFFIRM AS MODIFIED herein the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____