**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stanko MARKOVIC, Mijodrag Petrovic,**
**Defendants–Appellants.**

No. 89–7561.

United States Court of Appeals,
Eleventh Circuit.

Sept. 10, 1990.

Christopher Knight, Haas & Knight, Mobile, Ala., for Markovic.

Nicki E. Patterson, McLeave & Patterson, Mobile, Ala., for Petrovic.

George A. Martin, Jr., Asst. U.S. Atty., Mobile, Ala., for U.S.

Before KRAVITCH and COX, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

Defendants Stanko Markovic and Mijodrag Petrovic, Yugoslavian seamen, appeal their convictions of attempted exportation of defense articles and conspiracy. The indictments alleged that it was part of the conspiracy that the defendants,[1] who were crew members of the Yugoslavian-registered vessel "Moslavina", would purchase revolvers and ammunition while in port at Mobile, Alabama, and would take the firearms and ammunition back to Yugoslavia for resale.

Count One of the Indictment charged the defendants with the willful and unlawful attempt to export firearms and ammunition without obtaining a required license, in violation of The Arms Export Control Act, Title 22, United States Code, Sections 2778(b)(2) and (c), and certain regulations [2] pertaining to those Sections of Title 22. Title 22, United States Code, Section 2778(c) states, in pertinent part:

> Any person who willfully violates any provision of this section ... or any rule or regulation issued under [this] section ... shall [be guilty of an offense against the United States].

---

1. Of the four original defendants, a judgment of acquittal was entered at the close of the government's case-in-chief in favor of defendant Ljubomir Djurovic, and a *not guilty verdict was re-*turned by the jury in favor of defendant Vojislav Savic.

2. 22 Code of Federal Regulations, Sections 121.-1, 121.6, 121.9, 123.1, 127.1(a) and 127.3.

Section 2778(b)(2) and applicable regulations provide that defense articles enumerated on the United States Munitions List may not be exported nor may an attempt be made to export them from the United States without a license for such export or written approval from the Department of State, unless the regulations provide for an exemption. No such exemption is applicable in this case. The Arms Export Control Act further provides that a license to export an item on the United States Munitions List may not be issued to a foreign person. 22 U.S.C. § 2778(g)(5). The United States Munitions List includes nonautomatic, semi-automatic and fully-automatic firearms to caliber .50 inclusive and all component parts and ammunition for such firearms. Count Two charged the defendants with conspiracy to violate the aforementioned statutes and related regulations. The jury found both defendants guilty of attempting to export handguns, weapons which are expressly included in the Act and expressly prohibited.

■ Petrovic was sentenced to time spent in jail before trial, four-and-a-half-months, and payment of a $100 special assessment. The guilty verdict for the crime charged in this case, which requires proof of specific intent, was premised on the adequacy of the government's proof beyond a reasonable doubt that Petrovic voluntarily and purposefully intended to violate the law, that he acted knowingly and willfully. *United States v. Adames*, 878 F.2d 1374, 1377 (11th Cir.1989) (per curiam). As noted by the government (Presentence Report), "based on the fact that counts one and two involve similar offense conduct, these counts are being treated as a group." The government's proof relies solely on warnings of the illegality of the transaction given by special agents to Petrovic in English. Based on a review of the record, which clearly shows that Petrovic

could not understand English, we reverse as to Petrovic.

Markovic speaks some English. He was found to be the leader and was given a two-level enhancement under the guidelines. Markovic was sentenced to a 21–month period of incarceration, followed by a two-year term of supervised release. He was ordered to pay a $100 special assessment. As to Markovic's conviction, we affirm, but reverse and remand with respect to his sentencing under the Federal Sentencing Guidelines.[3]

■ While their ship was docked in Mobile, Markovic and codefendant Djurovic met with a United States Customs agent acting in an undercover capacity to discuss the purchase of firearms on February 23, 1989. The meeting was arranged by the owner of an electronics store, Quesada, when Markovic inquired about buying some guns. Upon returning to Mobile on March 13, Markovic attempted to purchase .357 magnum revolvers and purchased two boxes of .357 magnum ammunition at a sporting goods store. He was accompanied by Petrovic. Markovic paid money, which Petrovic was sent back to the "Moslavina" to obtain, for the purchase of eleven revolvers from two Customs agents acting in an undercover capacity. At that time, Petrovic returned with codefendant Savic.

■ Markovic contends that he was pressured by the agents into purchasing the entire amount of weapons when, in fact, he desired only to purchase one or two guns for personal use, not for resale. Based on the facts established in the record, we fail to find any evidence of government coercion exercised on a so-called frightened, unsuspecting foreigner with diminished mental capacity, as Markovic depicts himself. The evidence supports the jury's verdict, *Jackson v. Virginia*, 443 U.S. 307,

---

3. Markovic was convicted under counts one and two. To address the issue on each count separately would draw this court into an unnecessary discussion of whether there was evidence that a conspiracy existed or could be said to exist, in light of our holding that the conviction of codefendant Petrovic be reversed. Such a determination is not necessary under these facts

for two reasons: (1) the government notes in its Presentence Report that "based on the fact that counts one and two involve similar offense conduct, these counts are being treated as a group;" and (2) the sentence imposed by the district court was the same under count one as under count two, and the sentence was to run concurrently.

319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 464, 86 L.Ed. 680 (1942), and was sufficient to reject Markovic's entrapment defense, *United States v. Sayers,* 698 F.2d 1128, 1130 (11th Cir.1983). Entrapment as a matter of law is no longer a viable defense in this Circuit. *United States v. Struyf,* 701 F.2d 875, 877 n. 6 (11th Cir.1983). We fail to see any outrageous conduct of the government concerning entrapment. *United States v. Haimowitz,* 725 F.2d 1561, 1577 (11th Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 563, 83 L.Ed.2d 504 (1984).

■ There was no error in finding Markovic's conduct was clearly within the type prohibited by the statute; and we reject the argument that the statute is unconstitutionally vague. *Samora v. United States,* 406 F.2d 1095 (5th Cir.1969).[4] The court properly rejected the proffered jury instruction on legislative intent.[5] The instructions given by the court set forth the offense and the essential elements, which is all that was necessary. *United States v. Turner,* 871 F.2d 1574, 1578 (11th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 552, 107 L.Ed.2d 548 (1989). It is almost frivolous to argue that a mistrial should have been granted because three jurors saw the defendants in handcuffs when they were being removed—especially since the court gave cautionary instructions. *Wright v. Texas,* 533 F.2d 185, 187–88 (5th Cir.1976). There was no error in giving the jury a transcript of the tape recording containing a translation by the court-appointed interpreter, who was fluent in the dialect of the defendants, appointed to assist the defendants. The court offered to submit to the jury a transcript containing a translation by the government's interpreter and point out the difference of one paragraph, but this the defendants declined. The foregoing errors asserted by Markovic are without merit.

■ Finally, we consider the issue of the enhancement of Markovic's offense level under Section 3B1.1(c) of the Federal Sentencing Guidelines from 14 to 16 for his role as "an organizer, leader, manager, or supervisor in any non-extensive criminal activity involving less than five participants." Applying the clearly erroneous standard to the factual findings of the sentencing court, *United States v. Carrillo,* 888 F.2d 117, 118 (11th Cir.1989), we must determine whether the two-level increase is supported by the facts, in light of our determination of codefendant Petrovic's lack of understanding to form the necessary intent which establishes a basis for reversal of his conviction, and thus there being no other "participant" to "organize, lead, manage, or supervise."[6] The general statement of this court in *United States v. Wilson,* 884 F.2d 1355, 1356 (11th Cir.1989), is that "[t]he guidelines contemplate that the government has the burden of proving the applicability of the sections which would enhance the offense level," (*quoted in United States v. Taxacher,* 902 F.2d 867, 873 (11th Cir.1990)). Under the clearly erroneous standard of review of the offender's role, *United States v. Erves,* 880 F.2d 376, 381 (11th Cir.), *cert. denied,* —— U.S.

---

**4.** Samora was tried and convicted under 22 U.S.C. § 1934, the predecessor statute to § 2778, for attempting to export only four pistols. The court rejected the argument that the statute does not reach the isolated act of one not engaged in the business of exporting firearms and ammunition. *Samora* at 1097.

**5.** Markovic submitted the following requested jury instruction:

The Court instructs the jury that the purpose of the statute which the defendant is charged with violating is the furtherance of world peace and the security and foreign policy of the United States, and if the activity of the defendant in this case does not contravene this policy, then the defendant must acquitted [sic].

During the charge conference, Markovic argued that the court should read the entire statute, including subsection (a)(1). The court refused Markovic's requested instruction and ultimately decided not to quote from the statute during its instructions to the jury; instead, the court charged that violating section 2778 is a federal offense and then explained the elements of that offense.

**6.** Under Guidelines § 3B1.1(c), Commentary, Application Note 1, "[a] 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted."

——, 110 S.Ct. 416, 107 L.Ed.2d 381 (1989), we find complete lack of proof that Markovic's activities constitute management of other "participants." Therefore, we reverse as to the application of the guidelines for enhancement of two levels.[7]

## CONCLUSION

For the foregoing reasons, we reverse the district court's judgment with respect to Mijodrag Petrovic, and affirm the judgment of conviction of Stanko Markovic, but reverse as to the application of the guidelines and remand for resentencing of defendant Markovic.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings not inconsistent with this opinion.

---

7. The guideline range based on a total offense level of 16 and a criminal history category of I is 21–27 months. The contention of Markovic's counsel that the offense level should be 14 and the imprisonment range be 15–21 months as opposed to 21–27 months was rejected by the court. At the sentencing hearing, the judge stated that he proposed to sentence "at the low end of the guidelines," and a sentence of 21 months imprisonment was imposed, for the reason that "there was no high tech material involved."