**UNITED STATES of America, Appellee,**

v.

**Larry SPEENBURGH, Defendant–Appellant.**

**No. 1226, Docket 92–1716.**

United States Court of Appeals, Second Circuit.

Argued March 11, 1993.

Decided April 6, 1993.

Michael A. Jacobs (Jacobs & Jacobs, Stamford, NY, on the brief), for defendant-appellant.

Joshua W. Nesbitt, Asst. U.S. Atty. (Gary L. Sharpe, U.S. Atty., Albany, NY, on the brief), for appellee.

Before NEWMAN and CARDAMONE, Circuit Judges, and METZNER,* District Judge.

JON O. NEWMAN, Circuit Judge:

This appeal presents the issue whether section 3B1.2 of the Sentencing Guidelines, which reduces the offense level for a defendant whose role in the offense was minor or minimal, applies where the only participant, in addition to the defendant, is a Government informant. The appeal also presents the issue whether, if a role adjustment is not available, a district court is authorized to grant a downward departure. These issues arise on an appeal by Larry Speenburgh from the November 18, 1992, judgment of the District Court for the Northern District of New York (Con. G. Cholakis, Judge) sentencing him to 31 months' imprisonment and three years of supervised release upon his plea of guilty to a firearms offense. We hold that section 3B1.2 does not apply to offenses involving only one criminally responsible participant; however, we vacate the judgment and remand the case for the District Court to consider whether a departure is merited on the facts of this case.

## Background

James Rowe was working as a confidential Government informant in a sting operation targeted against Ray Baker. Speenburgh, a childhood friend of Rowe, was present at a discussion between Rowe and Baker. After an unsuccessful attempt to entice Baker into making a bomb for him, Rowe told Speenburgh that he needed a sawed-off shotgun. Speenburgh replied that he had one hidden in a trailer. Several days later, Rowe purchased the shotgun

from Speenburgh for $20. Rowe also purchased from Speenburgh two "eight balls" of what he believed was crystal methamphetamine for $450; lab tests revealed that it was in fact ephedrine, a non-controlled substance. Rowe later purchased for $175 two additional shotguns that Speenburgh sawed off in Rowe's presence.

Speenburgh was charged in a five count indictment. Count One charged him with possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d) (1988). Counts Two and Four each alleged that Speenburgh illegally made a short-barreled shotgun, in violation of 26 U.S.C. §§ 5822, 5861(f) (1988). Counts Three and Five charged Speenburgh with obliterating the serial numbers of these shotguns, in violation of 26 U.S.C. §§ 5842, 5861(g) (1988). Speenburgh pled guilty to Count Two of the indictment.

## Discussion

Speenburgh asserts that he merits a downward adjustment for a mitigating role in the offense because his involvement was passive and under the direction of Rowe. Specifically, Speenburgh argues that Rowe was the moving force behind the offense because Rowe initiated the crime by seeking a sawed-off shotgun, instructed Speenburgh that he needed a gun with an obliterated serial number, made the decision where to cut the barrel, and planned to distribute the weapons. Speenburgh also contends that the limited compensation he received supports a finding that his participation was minor or minimal.

The basis upon which the District Court relied when it rejected Speenburgh's argument is not clear from the record. In the District Court, Speenburgh made a motion for both an adjustment for his minor or minimal role in the offense under section 3B1.2 and a downward departure based on the Government's conduct in procuring his criminal behavior. The Government responded that section 3B1.2 does not apply

---

* The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation.

as a matter of law and, alternatively, that Speenburgh did not qualify as a minor or minimal participant whether under section 3B1.2 or as a departure. Judge Cholakis denied the motion without indicating whether he thought, as a matter of fact, that Speenburgh's role was not minor or minimal or whether he agreed with the Government that section 3B1.2 did not apply as a matter of law. He also did not indicate whether, if he agreed with the Government's legal argument concerning the inapplicability of section 3B1.2, he believed a departure was available but not deserved.

### I. Is U.S.S.G. § 3B1.2 applicable?

■ Section 3B1.2 of the Guidelines provides that a "minimal" participant in a crime shall receive a four-level decrease in the calculation of his offense level while a "minor" participant shall receive a two-level reduction. An intermediate three-level reduction is authorized for cases falling between minimal and minor participation. U.S.S.G. § 3B1.2. The minimal participant reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." Id. § 3B1.2, comment. (n. 1). A minor participant is defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n. 3).

The Government, citing United States v. Bierley, 922 F.2d 1061 (3d Cir.1990), maintains that section 3B1.2 cannot apply to Speenburgh as a matter of law because his offense did not involve another criminally responsible person. We agree. Because the only person with whom Speenburgh committed this offense was a Government agent, the adjustment is unavailable. See

id. at 1065–66; see also United States v. Caballero, 936 F.2d 1292, 1299 (D.C.Cir. 1991), cert. denied, —— U.S. ——, 112 S.Ct. 943, 117 L.Ed.2d 113 (1992). The Commission has indicated that sections 3B1.1 or 3B1.2 apply, upon otherwise appropriate facts, only "[w]hen an offense is committed by more than one participant." U.S.S.G. Ch. 3, Pt. B, intro. comment. (emphasis added).[1] "Participant" is defined as

> a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant.

U.S.S.G. § 3B1.1, comment. (n. 1).[2]

At oral argument, Speenburgh contended that a Government informant might be "criminally responsible" for his actions if he went so far as to entrap the subject of the sting operation. We are aware of no authority supporting the proposition that a Government informant, or for that matter, a police officer, can be criminally prosecuted for the crime in which he was authorized to participate as part of a sting operation simply because he may have entrapped a defendant. We reject an interpretation of "criminally responsible" that would place agents of the Government at risk of criminal prosecution if they were too aggressive in eliciting criminal activity. Thus, even if Rowe's actions rose to the level of entrapment, he was not criminally responsible. We hold, therefore, that section 3B1.2 does not apply to Speenburgh as a matter of law because the only other person involved in his offense, a Government informant, was not a "participant" as defined in the commentary.[3]

1. The scope of a defendant's "offense" when determining whether he played an aggravating or mitigating role includes all relevant conduct under section 1B1.3 and is not limited to the "elements and acts cited in the count of conviction." U.S.S.G. Ch. 3, Pt. B, intro. comment.

2. The Commission added the second sentence of this application note as a clarifying amendment effective November 1, 1991, in accord with the holding in United States v. Carroll, 893 F.2d

1502, 1509 (6th Cir.1990). See U.S.S.G. App. C., amend. 414.

3. The Sixth Circuit has reached a similar conclusion in interpreting section 3B1.1. See Carroll, 893 F.2d at 1506–09. In cases not involving a Government agent, courts have held that 3B1.1 does not apply if the other persons involved in the offense were not criminally responsible, usually because these other persons lacked knowledge or criminal intent. See, e.g., United States v. Badaracco, 954 F.2d 928, 934–36

## II. Is a departure available?

■ The Third Circuit in *Bierley* held that although the defendant was not eligible for an offense level reduction pursuant to section 3B1.2, the District Court could nevertheless consider a downward departure because of the defendant's minor role in the offense. *Bierley*, 922 F.2d at 1067–70. Generally, a district court's discretionary refusal to grant a downward departure is not reviewable. *See United States v. Adeniyi*, 912 F.2d 615, 618–19 (2d Cir. 1990); *United States v. Colon*, 884 F.2d 1550, 1552–56 (2d Cir.), *cert. denied*, 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). However, an exception exists where a sentencing court mistakenly concludes that it lacks the legal authority to depart. *See Adeniyi*, 912 F.2d at 619; *United States v. Ritchey*, 949 F.2d 61, 63 (2d Cir.1991); *United States v. Sharpsteen*, 913 F.2d 59, 63 (2d Cir.1990). We have remanded cases where the record left it unclear whether the district judge concluded that he lacked departure authority or decided not to depart in the exercise of his discretion. *See United States v. Califano*, 978 F.2d 65, 66 (2d Cir.1992); *United States v. Rogers*, 972 F.2d 489, 495 (2d Cir.1992); *Ritchey*, 949 F.2d at 63; *Sharpsteen*, 913 F.2d at 63–64. And we have recently remanded a case where "the court apparently did not consider whether such a departure was permissible." *See United States v. Concepcion*, 983 F.2d 369, 389 (2d Cir.1992). In this case, it is not clear from the record whether the District Judge understood that he had discretion to depart. Although the Third Circuit had authorized a departure, it did so over a vigorous dissent, and the availability of a departure in these circumstances had not been decided in this Circuit. In view of the ambiguities in the record, we proceed to the merits of the issue whether a departure is available.

■ Whether a downward departure is authorized under the circumstances of this case is a question of law that we decide *de novo*. *See United States v. Alba*, 933 F.2d 1117, 1121 (2d Cir.1991). The Court in *Bierley* reasoned:

(3d Cir.1992); *United States v. Anderson*, 942 F.2d 606, 614–17 (9th Cir.1991) (in banc); *United States v. Markovic*, 911 F.2d 613, 616–17

If the Guidelines authorize departure in "an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm," Ch. 1, Pt. A, 4(b), *a fortiori* they authorize departure in an atypical case where an adjustment would otherwise be authorized for the same conduct but, for linguistic reasons, the adjustment Guideline does not apply.

922 F.2d at 1068. It would make little sense, the Court continued, to reduce the sentence of one defendant whose role was minor or minimal compared with other criminally responsible "participants," but not to do the same for another defendant because of the fortuity that all of the other persons involved in his offense were not technically "participants" because they were part of a Government sting. *Id.* Finally, the Court indicated that there was no evidence that the Sentencing Commission considered and rejected a departure for this close analogy to an adjustment for role in the offense. *Id.*

In dissent, Judge Alito wrote that the departure authorized by the majority was considered and rejected by the Commission:

When the Commission decided to limit Sections 3B1.1 and 3B1.2 to offenses committed by more than one criminally responsible participant, the Commission necessarily decided that no sentence adjustment should be allowed based on a defendant's role relative to other participants if none of those other participants is "criminally responsible."

*Id.* at 1071 (Alito, J., dissenting). According to the dissent, the Commission had to realize that the vast majority of those who failed to meet the definition of "participant" would be undercover agents and not the insane, infants, individuals acting under duress, or those who innocently aid criminal conduct. *Id.* The dissent also relied on the exclusivity of the role in the offense guidelines as indicated by section 3B1.4, which states that "[i]n any other case, no adjustment is made for role in the offense." U.S.S.G. § 3B1.4.

(11th Cir.1990); *United States v. DeCicco*, 899 F.2d 1531, 1535–37 (7th Cir.1990).

We are persuaded by the *Bierley* majority's discussion and hold that a departure is available. A district court is authorized to depart from the Guidelines if it finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (1988); *see also* U.S.S.G. § 5K2.0, p.s. A basic goal of the Sentencing Guidelines is to reduce disparity in the sentencing of equally culpable defendants. We agree with the Third Circuit that there is no justification for treating two equally culpable defendants involved in group criminal conduct differently simply because one defendant's offense involves only Government agents.[4] By specifying the "participant" limitation on the availability of a role adjustment, the Commission did not necessarily preclude a departure for lesser culpability compared to those who do not qualify as "participants." The authority for an adjustment does not inevitably carry the negative implication that facts that fail to qualify for the adjustment are ineligible for a departure. The argument for such a negative implication is somewhat supported by section 3B1.4, which precludes an "adjustment" in any case not covered by Part B. However, the preclusion of an "adjustment" should not be taken as a bar to a departure. *See United States v. Valdez–Gonzalez*, 957 F.2d 643, 649 (9th Cir.1992).

Accordingly, we conclude that in a crime involving only a defendant and Government agents, a defendant's culpability relative to those agents was a circumstance not adequately considered by the Commission that may warrant a different sentence from that indicated by a strict application of the Guidelines. If a district court would have decreased the defendant's offense level under section 3B1.2 had the other person involved in the offense been criminally responsible, it should likewise have the discretion to depart downward between two and four levels, based on the defendant's culpability relative to that of the Government agent. *See Bierley*, 922 F.2d at 1069.

We express no opinion whether Speenburgh merits a downward departure in this case for his role in the offense; that determination is for the District Court. We note, however, that, in considering whether a departure was warranted, the District Court in *Bierley* found relevant some circumstances that are at least arguably applicable in this case. *See Bierley*, 922 F.2d at 1066 n. 2.

## Conclusion

We have carefully considered the other points raised by Speenburgh and find them to be without merit. We therefore vacate the judgment and remand the case to the District Court for a determination whether Speenburgh's role in the offense merits a downward departure analogous to the reduction that would have been available under U.S.S.G. § 3B1.2 if the person with whom he acted had not been a Government informant.

---

4. If one other person involved in the offense were criminally responsible, section 3B1.2 would apply by its own force even if Government agents were also involved. *See Bierley*, 922 F.2d at 1069. In such a case, we might be faced with the question whether, in determining if a reduction is warranted for a mitigating role, a court can consider the defendant's culpability relative to the Government agents involved, or only relative to the roles of those criminally responsible. We express no opinion on that question.