**UNITED STATES of America, Appellee,**

v.

**Larry SPEENBURGH, Defendant–Appellant.**

No. 486, Docket 93–1412.

United States Court of Appeals, Second Circuit.

Argued Dec. 7, 1993.

Decided Dec. 20, 1993.

Michael A. Jacobs, Stamford (Jacobs & Jacobs, on the brief), for defendant-appellant.

Joshua W. Nesbitt, Asst. U.S. Atty., Albany, NY (Gary L. Sharpe, U.S. Atty., on the brief), for appellee.

Before: NEWMAN, Chief Judge, OAKES and CARDAMONE, Circuit Judges.

PER CURIAM:

Defendant–Appellant Larry Speenburgh appeals his sentence imposed by the United States District Court for the Northern District of New York (Con. G. Cholakis, Judge) following his plea of guilty to one count of manufacturing an unlawful firearm in violation of 26 U.S.C. §§ 5822, 5861(f), 5871 (1988).

On Speenburgh's prior appeal, we ruled that a "minor" or "minimal" role adjustment under section 3B1.2 of the Sentencing Guidelines was not available because Speenburgh technically was the only "participant" in the offense within the meaning of section 3B1.2, the other role in the criminal activity having been played by an undercover agent. *See United States v. Speenburgh*, 990 F.2d 72 (2d Cir.1993). Nevertheless, we ruled that the sentencing judge had discretion to make a downward departure based on the defendant's role in the offense compared to that of the agent. *Id.* at 76. We vacated Speenburgh's sentence and remanded the case "for a determination whether Speenburgh's role in the offense merits a downward departure analogous to the reduction that would have been available under U.S.S.G. §.3B1.2." *Id.* On remand, Judge Cholakis considered whether to depart and exercised his discretion not to do so.

Speenburgh now contends that the refusal to depart was clearly erroneous, and he seeks to avoid the normal rule barring review of discretionary refusals to depart, *see United States v. Adeniyi*, 912 F.2d 615, 618 (2d Cir.1990), on the ground that the analogy to section 3B1.2 will not be complete unless we review a decision not to depart by the same standard we would review a decision not to make a role adjustment available under section 3B1.2. Appellant overreads our prior opinion. We did not hold that the defendant should be treated for all purposes as if section 3B1.2 were applicable. We held only that a departure was available. That decision carried with it all the normal rules applicable to departures, including the non-reviewability of discretionary decisions declining to depart. Accordingly, the appeal must be dismissed.