101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
John Edward GOODSIER, Defendant-Appellant.
 No. 95-1426.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANT:Adam G. Parisi, Parisi, Englert, Stillman, Coffey & McHugh, Schenectady, New York.
 APPEARING FOR APPELLEE:Kimberly M. Zimmer, Assistant United States Attorney for the Northern District of New York, Albany, New York.
 N.D.N.Y.
 AFFIRMED.
 PRESENT: HONORABLE WILFRED FEINBERG, HONORABLE RICHARD J. CARDAMONE, HONORABLE J. DANIEL MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Defendant-appellant John E. Goodsier appeals the sentence imposed by a judgment entered July 10, 1995 after he had pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Goodsier argues on appeal that the district court should have granted a downward departure based upon "imperfect entrapment" pursuant to U.S.S.G. § 5K2.0.
 
 
 4
 2. On May 12, 1995, Goodsier submitted a sentencing memorandum that contained a factual recitation that Goodsier claimed "more accurately reflect[ed] the total circumstances of the case than" did the presentence report. The primary difference between Goodsier's statement of the facts and that included in the presentence report is that Goodsier set forth the name and criminal background of the confidential government informant involved in the offense conduct. The sentencing memorandum also mentioned U.S.S.G. § 5K2.0, but did not otherwise refer to a downward departure or the basis therefor.
 
 
 5
 3. At the sentencing hearing, the district court acknowledged receipt of Goodsier's sentencing memorandum, and then said: "it is my understanding based upon what you perceive to be the confidential informant's criminal background that you should be entitled to a ... departure under the Sentencing Guidelines pursuant to 5K2.0; is that right counsel?" (Emphasis added.) Goodsier's attorney responded, "Yes, Judge." The district court denied this motion, stating that: "The Court doesn't find that a basis for a 5k2.0 departure."
 
 
 6
 4. A discretionary refusal to grant a downward departure is not appealable unless the district court mistakenly concludes that it lacks the legal authority to depart. United States v. Speenburgh, 990 F.2d 72, 75 (2d Cir.1993). We believe that Judge Scullin rejected Goodsier's application for a downward departure on the merits, rather than because he misperceived his authority to grant the requested relief. In any event, unless such a misperception appears explicitly on the record, it is presumed that the sentencing judge was aware of his authority to depart. See United States v. Rosalez-Cortez, 19 F.3d 1210, 1221 (7th Cir.1994).