*1272 CARNES, Circuit Judge,
concurring:
I concur in the affirmance and in all the Court says in Part I of the opinion, which holds that any 18 U.S.C. § 924(c)(1)(B)(ii) factual issues are to be decided by the sentencing judge instead of the jury.
In Part II of the opinion, the Court correctly concludes that Ciszkowski is not entitled to relief from the mandatory minimum sentence required by § 924(c)(1)(B)(ii) on any theory of outrageous government conduct, sentencing entrapment, or sentencing manipulation. As the Court notes, we have held that sentencing entrapment is not a viable defense. United States v. Sanchez, 138 F.3d 1410, 1414 (11th Cir.1998) (“defendant’s claim must fail as a matter of law because this Circuit has rejected sentence entrapment as a viable defense”); United States v. Miller, 71 F.3d 813, 818 (11th Cir.1996) (“We have held that sentencing entrapment is a defunct doctrine.”); United States v. Markovic, 911 F.2d 613, 616 (11th Cir.1990) (Sentencing “[ejntrapment as a matter of law is no longer a viable defense in this Circuit”).
About outrageous government conduct and sentencing manipulation, the Court’s opinion says that we have recognized them as viable defenses. An earlier opinion of this Court also says that we “recognize” those two defenses. See Sanchez, 138 F.3d at 1413 (“This Court recognizes the defense of outrageous governmental conduct, a defense interrelated with the sentencing manipulation theory.”). But the accuracy of the observations depends on what one means by “recognize.” This Court has not ever reversed a conviction or vacated a sentence on the basis of either theory. See generally id. at 1413 (addressing outrageous government conduct and noting that “[wjhile the Supreme Court and this Court have recognized the possibility that government involvement in a criminal scheme might be so pervasive that it would be a constitutional violation, that standard has not yet been met in any case either before the Supreme Court or this Court”).
Our “recognition” of the defenses of outrageous government conduct and sentencing manipulation despite never having seen the embodiment of them in the factual flesh brings to mind Justice Stewart’s famous remark that he knew obscenity when he saw it. Jacobellis v. Ohio, 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793 (1964) (Stewart, J., concurring) (“But I know it when I see it, and the motion picture involved in this case is not that.”). When asked later if he had ever actually seen it, the Justice replied, without elaboration: “Yes, just once, off the coast of Algiers.”[1] By contrast, what we “recognize” we have never seen. Not once, not even off the coast of Algiers.
Unless and until we actually see government conduct outrageous enough to motivate a panel of this Court to set aside a conviction, or sentencing manipulation egregious enough to lead to a vacated sentence, those defenses cannot be found in the law of this circuit. In our speculative dicta yes, but in our law no. Not yet anyway.

. Jeffrey Taylor, Don’t Look Now: How Do You Define Obscene Violence? Congress Might Try, Wall Street J., June 9, 1999, at A1 ("Harvard's Mr. Tribe recalls that as a young clerk for Justice Stewart, he once asked his boss whether he had personally ever seen anything that qualified as obscenity. ‘Yes,’ Justice Stewart replied. 'Just once, off the coast of Algiers.’ He refused to elaborate.”).