**UNITED STATES of America, Appellee,**

v.

**Jonathan MONK, Defendant–Appellant.**

**No. 339, Docket 93–1349.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 19, 1993.

Decided Jan. 24, 1994.

Henriette D. Hoffman, New York City (The Legal Aid Society, Federal Defender Services Appeals Unit, New York City, of counsel), for defendant-appellant.

Katherine M. Choo, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., S.D.N.Y., Nelson W. Cunningham, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before: McLAUGHLIN, JACOBS and REAVLEY,* Circuit Judges.

McLAUGHLIN, Circuit Judge:

Defendant Jonathan Monk appeals from a judgment of the United States District Court for the Southern District of New York convicting him, after a jury trial before John E. Sprizzo, *Judge,* of possessing cocaine base in violation of 21 U.S.C. § 844(a) (Supp. IV

1992). The district court sentenced Monk to 135 months' imprisonment, two years' supervised release, and a $50 special assessment. Monk makes two arguments: (1) while § 844 provides for both felony and misdemeanor penalties, he should have been sentenced only under the latter; and (2) the sentence was excessive because the trial judge thought he had no "power" to depart downward. We conclude that Monk was properly convicted under the felony provision of § 844, but we remand for resentencing because the judge erroneously believed that he lacked the power to depart.

## I.

Monk was arrested in New York after he boarded a Washington-bound Amtrak train. He was carrying over 340 grams of crack (cocaine base) which he claimed was for his personal use. The government indicted him under 21 U.S.C. § 841 (1988 & Supp. IV 1992) for possession with intent to distribute "50 grams and more of a mixture and substance containing cocaine base."

At trial Monk pressed his defense that he had no intent to distribute the crack, but intended it for his own personal use. At defendant's request, the trial judge charged the jury as to both the indicted offense and the lesser included offense of simple possession, under 21 U.S.C. § 844. The jury accepted Monk's defense, acquitting him of the § 841 charge (possession with intent to distribute) and convicting him of simple possession of crack (§ 844).

## II.

### A. *Felony or Misdemeanor*

■ Section 844 makes simple possession of crack a misdemeanor; but it goes on to make it a felony (punishable by 5–20 years' imprisonment) if "the amount of the mixture or substance exceeds 5 grams," and if the defendant has no previous conviction for possession of a controlled substance. 21 U.S.C. 844(a). The district judge sentenced Monk as a felony offender under the latter provi-

* Honorable Thomas M. Reavley, United States Court of Appeals for the Fifth Circuit, sitting by designation.

sion, finding that, under the charge he delivered, the jury necessarily determined that the defendant possessed more than 50 grams of crack. Monk contends that, while the judge did charge the question of quantity in connection with the § 841 count (of which defendant was acquitted), he did not mention anything about quantity in the charge on the lesser included possession count under § 844.

■ It is settled in this Circuit that in a prosecution under § 841 (possession with intent to distribute), quantity of the drug is not an element of the crime. In other words, possession of *any* amount of crack with the requisite intent is a crime. In *United States v. Campuzano*, 905 F.2d 677 (2d Cir.), *cert. denied*, 498 U.S. 947, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990), we joined the clear majority of circuits to hold that in a § 841 prosecution quantity of the drug possessed is relevant only to the appropriate sentence and, accordingly, is not an element of the crime to be proven to the jury beyond a reasonable doubt. *Id.* at 679 (collecting cases). Indeed, a year after *Campuzano* we went on to hold that even if the jury in a § 841 case made a determination of the quantity of drugs involved, the sentencing judge would not be bound thereby and would have to make an independent determination of the quantity. *United States v. Jacobo*, 934 F.2d 411, 416–17 (2d Cir.1991).

■ Monk seeks to blunt the natural force of the § 841 argument by noting the remarkable difference in the structure of §§ 841 and 844. Section 841 is broken into subdivisions: subdivision (a) defines the elements of the crime of possession with intent to distribute and makes no reference to quantities. Subdivision (b), captioned "Penalties," prescribes escalating punishments for the crime, depending on the quantity of the drugs involved. Section 844, by comparison, does not separately treat crime and punishment; it fuses both in one lengthy subdivision (a). This has led one circuit court to conclude that quantity *is* an element of the crime under § 844. *See United States v. Puryear*, 940 F.2d 602 (10th Cir.1991). We are not persuaded that the different architecture of the two statutes reflects a congressional intent to make the quantity of drugs an element of the crime of simple possession, but not an element of the more serious crime of possession with intent to distribute.

The first sentence of § 841(a) makes it "unlawful for any person knowingly or intentionally ... to possess with intent to manufacture, distribute, or dispense a controlled substance...." We held in *Campuzano* that quantity is not an element of the crime because that first sentence "prohibits the distribution of *any* amount of cocaine." 905 F.2d at 679 (emphasis in original). The first sentence of § 844(a) likewise makes it "unlawful for any person knowingly or intentionally to possess a controlled substance...." Following *Campuzano* we now hold that quantity is not an element of simple possession because § 844(a) prohibits the possession of *any* amount of a controlled substance, including crack. To reach a different conclusion just because § 841 is subdivided between crime and penalty, while § 844 is not, would make an idol to exalting form over substance.

We are not unmindful of the decision by the District of Columbia Circuit (two months after our case was argued) that § 844(a) creates two crimes, the one a lesser included offense under § 841(a), the other not. *United States v. Michael*, 10 F.3d 838, 839 (D.C.Cir.1993) (simple possession of a *controlled substance* is lesser included, but simple possession of 5 grams or more of a substance containing *cocaine base* is a distinct crime and it is not lesser included under § 841(a)). We are reluctant to venture into this semantic bog, and see no need to, since it was the defendant himself who asked the trial judge for the lesser included offense charge. There is, moreover, no serious dispute that the substance Monk carried aboard the Amtrak train was crack cocaine and it vastly exceeded 5 grams. Significantly, the *Michael* court expressly refused to hold that quantity—as distinguished from the chemical nature of the substance—is also a jury question. *Id.* 10 F.3d at 842. We hold that it is not.

The task of determining how much drugs Monk was carrying falls to the sentencing judge. He, therefore, had to find that Monk possessed more than 5 grams of crack in order to treat the crime as a felony. That

the judge was so persuaded is beyond cavil, given his consistent view that the jury had already found beyond a reasonable doubt that the amount of crack exceeded the 50 grams alleged in the indictment. Indeed, the jury was furnished a special verdict form which asked: "Do you find the Government has proved beyond a reasonable doubt that the defendant is guilty of the charge of possession of the drugs *as alleged in the indictment?*" (Emphasis added). The jury checked "YES."

The evidence of quantity was never contested at the trial. Indeed, Monk's basic defense was that the quantity seized from him was consistent with personal use. His attorney argued in summation: "What is at issue here is whether or not Jonathan Monk possessed the drugs that he had on him on December 10, 1991, with an intent to distribute it;" "I submit to you Jonathan Monk is a drug user and those drugs he had on December 10, 1991 were for his personal use." Asked during the charge conference whether she was "going to dispute the fact that [the defendant] was found with the drugs," Monk's attorney responded, "Not at all." At sentencing, Monk argued for and was credited with a two-point reduction under § 3E1.1 of the Sentencing Guidelines for acceptance of responsibility for having admitted that he had the drugs on his person at the time of his arrest.

B. *Downward Departure*

■ The sentencing minutes leave no doubt that the district judge anguished over the sentence he felt compelled to impose. He implored the government to consent to a downward departure because of the "ridiculous result"—"a twelve-year sentence for a person who is arrested with a relatively modest quantity of cocaine or crack on a train on his way to Philadelphia." He adjourned the sentence to give the government a chance to reflect, but the government continued to oppose any downward departure (including even the two-level reduction for acceptance of responsibility that the Probation Department had recommended and the court accepted). The judge finally imposed a sentence of 135 months' imprisonment.

The only ground put forward for a departure was that the defendant had attended a voluntary drug rehabilitation program. Citing our decision in *United States v. Maier,* 975 F.2d 944 (2d Cir.1992), the district judge concluded that there was no basis in law for a departure, particularly in the absence of any proof that the defendant was actually rehabilitated. Believing his hands to be tied, the judge said:

> To the extent you want a chance to appeal my decision not to depart, I will make it very clear for the record that I have made the decision not to depart, not as a matter of discretion, which would be essentially unreviewable ..., but I have made it because I think, given the factual circumstances of this case, I have no power to do it.... I decline to depart downward because I don't think that the law in this Circuit gives me the power to do it. I think that you can appeal. To give you maximum leverage in the Court of Appeals, I will tell you that if I thought I had a principled basis to depart downward here as a matter of discretion, or if I thought I had any discretion whatsoever, I might be amenable to an argument that I should downwardly depart if for no other reason than that the interests of justice require it, given the rather harsh result on the facts of this case.

Our review of the record and the sentencing minutes leads us to believe that the district judge took too narrow a view of our cases and of his own power under the Sentencing Guidelines. The Guidelines permit a district court to depart where "there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating" the applicable Guidelines. 18 U.S.C. § 3553(b) (1988). A district court's refusal to depart downward is not appealable "unless the guidelines were misapplied, the court misapprehended its authority or imposed an illegal sentence." *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). If the district court's refusal to depart rested on a "misapprehension" of its legal authority, an appeal is proper, and the

propriety of that legal determination is to be reviewed *de novo. Id.*

The district judge rejected the purported drug rehabilitation as a principled basis for a downward departure because the rehabilitation here was not extraordinary and was plainly inconclusive. Clearly, he was mindful of this Court's admonition in *Maier,* 975 F.2d at 948, that drug rehabilitation programs "cannot be permitted to become an automatic [basis for a] departure."

There is no serious question that Monk knowingly and intentionally possessed over 340 grams of crack. Section 2D2.1(b) of the Sentencing Guidelines (unlawful possession "cross reference") provides that a defendant "convicted of possession of more than 5 grams of ... cocaine" is to be sentenced under § 2D1.1 (unlawful trafficking) "as if the defendant had been convicted of possession of that mixture or substance with intent to distribute." Moreover, the district judge expressly found by a preponderance of the evidence that Monk intended to distribute the crack.

■ ·The judge, however, volunteered that he would depart downward if he had the power, emphasizing that the sentence was grossly disproportionate to the offense. The record raises the disturbing possibility that the sentencing judge failed to appreciate his authority to depart under § 3553(b). *See United States v. Concepcion,* 983 F.2d 369, 385–89 (2d Cir.1992) (where relevant conduct Guideline would require extraordinary increase in sentence by reason of conduct for which defendant was acquitted by jury, district court has power to depart downward), *cert. denied* — U.S. ——, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993). Because the judge apparently did not consider whether that kind of departure was permissible, we vacate Monk's sentence and remand the matter "to permit the court to consider whether or not to depart from the offense level arrived at through strict applications of the Guidelines." *Id.* at 389. We repeat that when there are compelling considerations that take the case out of the heartland factors upon which the Guidelines rest, a departure should be considered. *Cf. United States v. Merritt,* 988 F.2d 1298, 1309 (2d Cir.), *cert. denied* —

U.S. ——, 113 S.Ct. 2933, 124 L.Ed.2d 683 (1993).

## III.

Based on the foregoing, we affirm defendant's conviction, but vacate his sentence and remand the case for resentencing.