UNITED STATES of America, Appellee,

v.

Yan CHABOT, Defendant–Appellant.

No. 516, Docket 95–1255.

United States Court of Appeals,
Second Circuit.

Argued Nov. 8, 1995.

Decided Nov. 15, 1995.

John M. Conroy, Assistant United States Attorney, Burlington, Vermont (Charles R. Tetzlaff, United States Attorney for the District of Vermont, David V. Kirby, Assistant United States Attorney, Burlington, Vermont, on the brief), for Appellee.

Christina A. Jenson, Burlington, Vermont (Mark D. Oettinger, Bloomberg, Oettinger & O'Hara, Burlington, Vermont, on the brief), for Defendant–Appellant.

Before: LUMBARD, KEARSE, and WINTER, Circuit Judges.

PER CURIAM:

Defendant Yan Chabot appeals from a final judgment of conviction entered in the United States District Court for the District of Vermont following his plea of guilty before Paul J. Barbadoro, *Judge,* to unlawful reentry into the United States following deportation, in violation of 8 U.S.C. § 1326 (1988). He was sentenced principally to 57 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Chabot contends principally that he is entitled to be resentenced because the district court erroneously believed it did not have the authority to grant a downward departure from the imprisonment range prescribed by the federal Sentencing Guidelines ("Guidelines"). Finding no merit in his contention, we affirm.

■ The Guidelines were adopted in an effort to, *inter alia,* provide uniformity of sentences for like crimes by defendants with similar personal criminal histories. *See, e.g.,* 28 U.S.C. § 991(b)(1)(B); United States Sentencing Commission, *Guidelines Manual* at 2 (Nov. 1994); *United States v. Joyner,* 924 F.2d 454, 460 (2d Cir.1991); *United States v. Palta,* 880 F.2d 636, 639 (2d Cir.1989). The authority of the sentencing court to impose a sentence above or below the prescribed range of punishment is thus circumscribed. The court "may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" Guidelines § 5K2.0 Policy Statement (quoting 18 U.S.C. § 3553(b) (1988)). This authority is "a device for implementing the guideline system, not a means of casting it aside," and therefore a court should exercise its discretion to depart only under extraordinary circumstances. *United States v. Abreu–Cabrera,* 64 F.3d 67, 74 (2d Cir.1995) (internal quotation marks omitted); *see, e.g., United States v. Joyner,* 924 F.2d at 460.

■ Where the sentencing court has not found an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission, the court is not empowered to depart on the sole ground that the court views the punishment prescribed by the Guidelines as too severe. "Unless the disproportionality between crime and punishment is so extreme that it violates the Eighth Amendment, *cf. Harmelin v. Michigan,* [501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991),] ... the sentences established for various crimes under the Guidelines cannot be set aside based merely on their perceived severity." *United States v. Beckham,* 968 F.2d 47, 54 (D.C.Cir.1992); *see also United States v. Jackson,* 30 F.3d 199, 203 (1st Cir. 1994) ("absent specific circumstances independently justifying a departure, a judge cannot sentence outside a properly computed sentencing range merely because he believes that the guidelines work too severe a sanction in a particular case"); *United States v. Gonzalez–Lopez,* 911 F.2d 542, 551 (11th Cir. 1990), *cert. denied,* 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). "To permit departures for that reason would be to eviscerate the Guidelines, reestablishing the very judicial discretion in sentencing that the Guidelines were designed to confine." *Beckham,* 968 F.2d at 54; *see also Mistretta v. United States,* 488 U.S. 361, 396, 109 S.Ct. 647, 667, 102 L.Ed.2d 714 (1989).

■ The sentencing court's exercise of its discretion not to grant a departure is not reviewable on appeal. *See, e.g., United States v. Ritchey,* 949 F.2d 61, 63 (2d Cir. 1991) (per curiam); *see also United States v. Adeniyi,* 912 F.2d 615, 618–19 (2d Cir.1990); *United States v. Colon,* 884 F.2d 1550, 1552 (2d Cir.), *cert. denied,* 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). Though a defendant would retain his right to appellate review if the district court's refusal to depart downward were based on a mistaken view that the court lacked the authority to depart,

*see, e.g., United States v. Richardson,* 923 F.2d 13, 15 (2d Cir.1991), we normally do not infer that the sentencing court believed it had no authority to depart where it gave no indication that it had such a belief or where it simply expressed sympathy for the defendant but found that the circumstances did not warrant departure, *see, e.g., United States v. Caming,* 968 F.2d 232, 241–42 (2d Cir.), *cert. denied,* 506 U.S. 956, 113 S.Ct. 416, 121 L.Ed.2d 339 (1992).

██ In the present case, the record reveals that the judge believed the Guidelines-prescribed imprisonment range of 57–71 months was too severe, but it gives no indication that he had any misapprehension whatever as to the scope of his authority to depart from that range.

> THE COURT: It is an excessively harsh sentence. It's not one that I would give if I were free to do so, but the government is not free to recommend a sentence that is contrary to the guidelines, and I am not free to give one simply because we think the sentence is too harsh.

(Sentencing Transcript, April 25, 1995 ("Tr."), 6.) The court then invited Chabot's counsel to state "some legitimate basis to depart downward," and to make "specific arguments and give [the court] the guideline reference to each argument." (Tr. 7.) Counsel proceeded to point out that Chabot came from a broken home; that he had lived in Canada with his mother who died in a house fire while he was there; that Chabot was then sent to Florida to live with his father, who was in and out of jail and almost never present; that Chabot dropped out of school after the 10th grade and engaged in a series of crimes trying to support his younger brothers; that he had family responsibilities; that Chabot's motive in attempting to reenter the United States was to see his daughter and his brothers from whom he had been separated as a result of his deportation; that he had a fragile mental state and had attempted suicide; and that in light of his youth, Chabot's chances of rehabilitation were substantial. Counsel concluded that "[e]ven though none of these factors in and of itself might be sufficient by traditional sort of guideline law to warrant a downward depar-

ture, we would argue in the aggregate they do and that Mr. Chabot warrants a downward departure." (Tr. 11.) The government took the position that a departure on the basis of the aggregated circumstances would be unauthorized and that none of the circumstances argued by defense counsel was present to such an extraordinary degree as to warrant a downward departure. The government also pointed out that Chabot's criminal history, which included a conviction for grand theft at age 18 and convictions for burglaries at the ages of 16, 17, and 18, did not provide a basis for inferring his amenability to rehabilitation.

The court concluded that none of the factors cited by Chabot was sufficient to warrant a downward departure:

> THE COURT: *I can't in good conscience find that any of the grounds offered for a downward departure, either individually or in combination, are sufficient to warrant a downward departure.* To the extent I have the authority to depart, I decline to depart because I don't think it's consistent with the guideline schemes for me to give a departure under the circumstances. Having said that, I think the sentence is—that I am going to give is not one which I would give if I had the freedom to sentence in the way I think would be appropriate in this case.
>
> I am going to give the defendant the sentence mandated by the guidelines because I believe the law requires me to give the defendant that sentence. I don't believe under these circumstances that I have any other choice but to give the defendant the sentence.

(Tr. 15–16 (emphasis added).) After announcing its sentence and inviting objections, the court expressly acknowledged its power to depart on the grounds urged by Chabot but again found that those grounds were insufficient:

> MR. OETTINGER [Counsel for Chabot]: Your Honor, I just—I have to put on the record, because I was once outweighed [*sic*] by the Second Circuit, that we believe that the Court does have the discretion to depart on the basis of totality of

circumstances, and I would just like to preserve that issue.

THE COURT: And *I acknowledge that I have the discretion to depart. I am declining to exercise that discretion because on these facts I do not feel either singularly or in totality the grounds proffered are sufficient to warrant a departure.* My dissatisfaction with the sentence is not because of the defendant's troubled family history, because of his need to have contact with his family or because of his emotional condition. It's because I think, frankly, the sentence is too high, but that isn't an issue that's left for my discretion. And *I don't believe simply because I think the sentence is too high that I have the authority to depart.*

The other grounds you proffered, if I were to adopt them, it would be intellectually dishonest because I would be motivated by my feeling that the sentence is too high and not because of any compelling circumstances that you have presented.

(Tr. 17–18 (emphasis added).)

On this record, it is clear that the district court recognized that it had the power to depart on the grounds urged by Chabot and that it declined to do so because it found those grounds were insufficient. Accordingly, the court's refusal to depart downward on those grounds is not reviewable on appeal.

 The court's ruling that it did not have authority to depart simply because it believed the Guidelines-prescribed punishment was too severe is properly before us, and that ruling was correct. Chabot's reliance on *United States v. Monk,* 15 F.3d 25 (2d Cir. 1994), for the contrary proposition is misplaced. The district court in *Monk* had believed the Guidelines sentence to be "grossly disproportionate to the offense," *id.* at 29, and we remanded for the court to consider whether there was present some factor of a kind or to a degree not adequately taken into consideration by the Sentencing Commission. We did not grant the district court carte blanche to depart simply because it felt the Guidelines range was too severe. Rather, we emphasized that a departure should be considered "when there are compelling consider-

ations that take the case out of the heartland factors upon which the Guidelines rest." *Id.*

The court here found no circumstances that took the present case out of the heartland factors. The judge stated explicitly that the impulse to depart was based "not [on] any compelling circumstances," but rather was "motivated by my feeling that the sentence is too high." (Tr. 18.) The court understood correctly, and stated unambiguously, that it had no power to depart on the latter ground.

We have considered all of Chabot's arguments that are properly before us and have found them to be without merit. The judgment of conviction is affirmed.