101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Kola NOIBI, Defendant-Appellant.
 No. 95-1481.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for Appellant: B. Alan Seidler, Nyack, New York.
 Appearing for Appellee: Emily Berger, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 E.D.N.Y.
 AFFIRMED.
 Appeal from the United States District Court for the Eastern District of New York (Wexler, Judge).
 Present: HONORABLE ELLSWORTH A. VAN GRAAFEILAND, HONORABLE THOMAS J. MESKILL, HONORABLE RALPH K. WINTER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Kola Noibi appeals from the sentence, imposed by Judge Wexler, after Noibi's guilty plea to one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2). Noibi, a resident alien, was sentenced to 12 months imprisonment, a three-year term of supervised release, and a $50 special assessment. As a condition of his supervised release, the sentencing court directed that Noibi be delivered at the end of his prison sentence to the INS for deportation, that he be deported, and that Noibi not re-enter the United States illegally. Noibi challenges his sentence on two grounds.
 
 
 4
 First, Noibi argues that the district court erred in refusing to grant a downward departure based on alleged special personal and family circumstances. This exercise of a sentencing court's discretion not to grant a departure is not reviewable on appeal unless there is reason to believe that the court mistakenly believed it lacked the power to depart. United States v. Chabot, 70 F.3d 259, 260 (2d Cir.1995). In this case, there is no indication whatsoever that the sentencing court misapprehended its authority. Judge Wexler stated: "I'm not going to go upward or downward. I am denying both, going up and going down." Judge Wexler further explained his reasons for refusing leniency toward Noibi, noting for the record that, following Noibi's guilty plea, he had adjourned sentencing for one year "to see how he would behave." During that year, Noibi was arrested and pleaded guilty to credit card fraud in Missouri. Judge Wexler clearly refused to grant Noibi's downward departure motion because "[h]e didn't behave very well" and "went and did the exact same thing again." This exercise of discretion is not reviewable.
 
 
 5
 Second, Noibi contends that the district court had no authority to order his deportation. Although the district court was entitled to order Noibi into the custody of the INS for deportation proceedings, Noibi is correct that the court lacked the authority to order the INS to deport him. United States v. Kassar, 47 F.3d 562, 568 (2d Cir.1995). The decision to deport rests in the sound discretion of the Attorney General. Id.; see 8 U.S.C. § 1251. "Because such an order is simply not binding, however, the error is harmless; the order is deemed a recommendation." Kassar, 47 F.3d at 568-69; see also United States v. Olvera, 954 F.2d 788, 793 (2d Cir.), cert. denied, 505 U.S. 1211 (1992).
 
 
 6
 Affirmed.