104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Robert L. GELZER, Defendant-Appellant.
 No. 95-1600.
 United States Court of Appeals, Second Circuit.
 Nov. 8, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York.
 Appearing for Appellant: Donald D. duBoulay, N.Y., N.Y. Appearing for Appellee: Susan Corkery, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Present: HONORABLE AMALYA L. KEARSE, HONORABLE JOHN M. WALKER, JR., HONORABLE DENNIS G. JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was submitted by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Robert L. Gelzer, convicted on several robbery and firearm counts following a jury trial before Thomas C. Platt, Judge, appeals from an amended judgment entered in the United States District Court for the Eastern District of New York following a remand from this Court in United States v. Gelzer, 50 F.3d 1133 (2d Cir.1995) ("Gelzer I ") for recalculation of his sentence with respect to the grouping of counts pursuant to the federal Sentencing Guidelines ("Guidelines"). On remand, the court resentenced Gelzer principally to 322 months' imprisonment to be followed by five years of supervised release. On appeal, Gelzer seeks another remand to permit the court to consider whether to depart downward on the ground that "an extremely harsh sentence resulted from the possession of a weapon being used as a factor in determining his base offense level as a career offender as well as its use to enhance his offense level pursuant to 18 U.S.C. § 924(c)." (Appellant's brief on appeal at 5.) For a number of reasons, we reject his request.
 
 
 4
 First, in the district court following the remand, Gelzer suggested that there should be a downward departure because the application to him of the career-offender guideline resulted in a sentence that was "unduly harsh." Even assuming that this could be a permissible basis for departure, but see United States v. Chabot, 70 F.3d 259, 262 (2d Cir.1995) (per curiam) (unless sentencing court has found an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission, the court is not empowered to depart on the sole ground that the court views the punishment prescribed by the Guidelines as too severe), we doubt that it was properly before the district court because the "mandate rule" barred that court from considering issues other than that on which the case was remanded, see United States v. Stanley, 54 F.3d 103, 107 (2d Cir.), cert. denied, 116 S.Ct. 238 (1995).
 
 
 5
 Second, the sentencing court's refusal to grant a downward departure is normally unappealable unless the refusal is based on the court's mistaken view that it lacked the authority to depart. See, e.g., United States v. Richardson, 923 F.2d 13, 15 (2d Cir.1991). We will not normally infer that the sentencing court believed it lacked the requisite authority unless there is an indication of such a belief. See, e.g., United States v. Ekhator, 17 F.3d 53, 55 (2d Cir.1994). In the present case, the record does not sufficiently support Gelzer's contention that the district court believed it did not have the power to depart. Though Gelzer relies on a statement by the court on remand that included the words "I don't see that I have any choice," those words, in context, referred to the grouping-of-counts calculation in which the court was then engaged. Originally the district court had not grouped three of Gelzer's counts of conviction; in Gelzer I, this Court remanded for reconsideration of the sentence after grouping. When, during the hearing on remand, the government argued that grouping would not matter because Gelzer's offense level would remain at 34, the court agreed, stating "Yes, that's the thrust of the memo from the Probation Department. And the fact is that in his case I gave the minimum. Instead of 387 I gave 322. So I don't see that I have any choice." (Sentencing Transcript, October 12, 1995, at 6.) Given the context, we interpret the court's statement as indicating that grouping the counts could not lower the Guidelines-prescribed term of imprisonment. Accordingly, even if the issue of a departure because of the harsh result of career-offender treatment were still open after the remand, we do not regard the statement relied on by Gelzer as disclaiming power to depart on that basis.
 
 
 6
 Finally, to the extent that Gelzer suggests that the district court could have departed on the basis that his sentence was unduly harsh because his possession of a firearm was a factor both in finding him a career offender and in imposing sentence pursuant to § 924(c), his premise is flawed. While Gelzer's sentence for robbery in violation of 18 U.S.C. § 2114(a) was required by that section to be 25 years because he carried a gun, he in fact received no enhancement under the Guidelines for his possession of a weapon in connection with that offense, see Gelzer I, 50 F.3d at 1144. Rather, his offense level for armed robbery in violation of § 2114 was calculated without enhancement, and he was sentenced consecutively for firearm possession as required by § 924(c). Congress clearly intended the imposition of a cumulative mandatory sentence for violation of § 924(c), whether or not the defendant is a career offender. See, e.g., United States v. Howard, 998 F.2d 42, 48-49 (2d Cir.1993).
 
 
 7
 We have considered all of Gelzer's arguments to the extent that they are properly before us and have found in them no basis for reversal. The judgment of conviction is affirmed.