UNITED STATES of America,
Appellee,

v.

Miguel Angel TEJEDA–CAMPUSANO, also known as Miguel Tejeda, also known as Mique Tejeda, also known as Michael Tejeda, also known as Raphael Rodriguez, also known as Luis Fiol, also known as Jose Gonzelez, Defendant–Appellant.

No. 00–1652.

United States Court of Appeals, Second Circuit.

May 1, 2001.

Daniel A. Braun, Assistant United States Attorney, New York, NY; Mary Jo White, United States Attorney for the Southern District of New York, Christine H. Chung, Assistant United States Attorney, on the brief, for appellee.

James Roth, Hurwitz, Stampur & Roth, New York, NY, for appellant.

Present JACOBS, PARKER and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be AFFIRMED.

Miguel Angel Tejeda–Campusano appeals from the judgment of conviction and sentence entered in the United States District Court for the Southern District of New York (Martin, J.) following his plea of guilty to one count of illegal reentry in violation of 8 U.S .C. § 1326(a) & (b)(2).

In April 1997, Tejeda–Campusano was deported to the Dominican Republic following a conviction in New York State Supreme Court for Burglary in the Second Degree, in violation of New York State Penal Law § 140.25. Tejeda–Campusano was subsequently arrested on October 31, 1998 in Manhattan, at which time he told authorities his name was "Luis Fiol". He was sentenced to one year imprisonment on November 6, 1998, after pleading guilty to petit larceny in New York State Supreme Court. On May 14, 1999, Tejeda–Campusano was writted into federal custody to face charges of illegal reentry after officials of the Immigration and Naturalization Service interviewed him and learned his true identity.

On October 27, 1999 Tejeda–Campusano pled guilty without a plea-agreement (but with a *Pimentel* letter, *see United States v. Pimentel*, 932 F.2d 1029 (2d Cir.1991)) to one count of illegally reentering the United States without the permission of the Attorney General after having been deported following conviction for an aggravated felony.

Tejeda–Campusano argues on appeal that the district court erred in refusing to downwardly depart from the applicable Guidelines range on the ground that the sixteen level enhancement required under U.S.S.G. § 2L1.2(b)(1)(A) overstates the seriousness of his criminal past. The district court's refusal to downwardly depart is not reviewable on appeal because there is no suggestion that Judge Martin mistakenly believed he lacked the authority to depart as a matter of law. *See United States v. Chabot*, 70 F.3d 259, 260–61 (2d Cir.1995); *United States v. Ritchey*, 949 F.2d 61, 63 (2d Cir .1991); *see also United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.1998) (noting court also lacks jurisdiction "to entertain a challenge to the district court's explanation of the extent of [a downward] departure ... absent evidence that the district court misunderstood its authority to depart"). There is "a strong presumption that a district judge is aware of the assertedly relevant grounds for departure", *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996), and this presumption is overcome "only in the rare situation where the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *Id.* at 694; *see also United States v. Lainez–Leiva*, 129 F.3d 89, 93 (2d Cir. 1997) ("[I]n the absence of any remarks by the district judge indicating doubt on a point of law, or as to the options available, a reviewing court should not deem silence an indication that the district court misunderstood its authority."). Nothing in the record supports the conclusion that Judge Martin mistakenly believed he was not free to downwardly depart; he simply concluded that, based on Tejeda–Campusano's extensive criminal past, departure was not appropriate. This decision is therefore unreviewable on appeal.

■ Tejeda–Campusano also raises the following three arguments pro se in a supplemental submission to this Court: (1) his underlying deportation proceeding was unlawful for various reasons; (2) his guilty plea was unknowing and involuntary because of ineffective assistance of counsel; and (3) interdistrict disparities in the prosecution of illegal reentry cases warranted a downward departure in his sentence. The validity of the underlying deportation proceeding may not be challenged after a valid guilty plea has been entered, unless the defects are jurisdictional. *See Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir.1989). None of Tejeda–Campusano's claims regarding the underlying deportation proceeding go to the court's jurisdiction to accept his plea and sentence him. To the extent Tejeda–Campusano attempts to circumvent this rule by challenging the validity of his guilty plea based on alleged ineffective assistance of counsel in the present federal proceeding, Tejeda–Campusano unambiguously waived the right to challenge his plea on this ground before the district court. Finally, this Circuit has expressly rejected interdistrict disparities as a basis for a downward departure in illegal reentry cases. *See United States v. Bonnet–Grullon,* 212 F.3d 692, 706–07 (2d Cir.2000).

For the reasons set forth above, the judgment is hereby AFFIRMED.