**UNITED STATES of America,**
**Appellee,**

v.

**David C. WHITENER, Defendant–**
**Appellant.**

**Docket No. 02–1555.**

United States Court of Appeals,
Second Circuit.

Oct. 22, 2003.

Alan B. Seidler, Nyack, NY, for Appellant.

Wayne L. Baker, Assistant United States Attorney, Eastern District of New York, for Appellee.

PRESENT: OAKES, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

Defendant David Whitener ("Whitener") appeals from the sentence imposed by the United States District Court for the Eastern District of New York (Joanna Seybert, *J.*) following Whitener's guilty plea to conspiracy to commit mail fraud under 18 U.S.C. § 371. Specifically, Whitener challenges the district court's refusal to depart downward under United States Sentencing Guidelines § 5K2.0 based, *inter alia*, on Whitener's cooperation with the government and extraordinary family circumstances.

It is settled that a district court's decision to deny a discretionary downward departure is unappealable unless the judge mistakenly believed that she lacked the authority to depart. *See United States v. Ritchey*, 949 F.2d 61, 63 (2d Cir.1991); *United States v. Chabot*, 70 F.3d 259, 260 (2d Cir.1995); *United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.1998); *United States v. Desena*, 260 F.3d 150, 159 (2d Cir.2001).

It is clear from the hearing transcript that the district court fully appreciated its power to depart downward from the Guidelines range if the circumstances of Whitener's case so warranted. The district court explicitly acknowledged the discretion afforded under the Guidelines and gave consideration to Whitener's contentions that he cooperated with the government, accepted responsibility for his actions and bore heavy familial responsibilities. Having considered these circumstances, the court declined to depart downward. We therefore lack jurisdiction over this appeal. *See Desena*, 260 F.3d at 159 (dismissing for want of jurisdiction).

For the reasons set forth above the appeal is DISMISSED.