**UNITED STATES of America,**
**Appellee,**

v.

**Daniel TICAS, Defendant–Appellant.**

**No. 05–6269–cr.**

United States Court of Appeals,
Second Circuit.

March 1, 2007.

Michael Hurwitz, Hurwitz Stampur & Roth, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney (Rebecca A. Monck, Harry Sandick, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant Daniel Ticas appeals the sentence imposed on him after he pled guilty to illegally reentering the United States after having been deported following conviction for an aggravated felony, without having obtained the express permission of

the Attorney General of the United States, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Judge Berman sentenced Ticas principally to 46 months of imprisonment, which was within the 46– to 57–month range prescribed by the U.S. Sentencing Guidelines as a result of the calculations in Ticas's Presentence Investigative Report ("PSR"), as corrected by the District Court following a determination that Ticas's criminal history category under the Guidelines was III rather than IV. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

We have jurisdiction to review the District Court's sentence for reasonableness, *see United States v. Booker,* 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), notwithstanding that the sentence imposed was within the applicable Guidelines range, *see United States v. Fernandez,* 443 F.3d 19, 25–26 (2d Cir.2006).

Ticas argues that his sentence is unreasonable because the District Court should have granted his applications for a downward departure on the basis of: (1) his criminal history category's alleged over-representation of the seriousness of his criminal conduct, and (2) his "cultural assimilation" to the United States. Ticas asserts that the District Court misapprehended its authority to grant a departure on the basis of cultural assimilation, and that this misapprehension serves as a basis for vacating his sentence. *See* Appellant Br. at 15 (citing *United States v. Monk,* 15 F.3d 25, 28–29 (2d Cir.1994); *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993)).

Ticas's claims are without merit. "[W]e have held in the post-*Booker* sentencing regime that 'a refusal to downwardly depart is generally not appealable,' and that review of such a denial will be available only 'when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.'"

*United States v. Stinson,* 465 F.3d 113, 114 (2d Cir.2006) (quoting *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005)). The District Court clearly understood its authority to grant Ticas a downward departure on the basis of his criminal history category's alleged over-representation of the seriousness of his criminal history, but nonetheless chose not to depart. This determination is unreviewable on appeal.

Moreover, the District Court's decision not to grant a downward departure on the basis of cultural assimilation was not based on a misapprehension of its authority to depart. As Ticas acknowledges, we have never recognized cultural assimilation as a basis for a downward departure. The District Court nonetheless proceeded to consider the degree to which Ticas's circumstances might support a finding that he was culturally assimilated to the United States. It found that Ticas's stated reason for returning to the United States—to be with his family and to support his family—was not sufficient to support a finding of cultural assimilation. Moreover, according to the District Court, Ticas's substantial prior criminal history weighed against a finding that he had culturally assimilated because "[a]ssimilation ... would normally have ... a law abiding characteristic to it."

Assuming *arguendo* that we may review the District Court's finding that Ticas did not merit a downward departure on the basis of cultural assimilation, we agree with the District Court's decision substantially for the reasons stated by the District Court.

Finally, upon consideration of the entire record, we conclude that the sentence was well within the broad range of reasonable sentences that the District Court could have imposed in the circumstances presented. Ticas's substantial criminal record and history of recidivism supported a sentence that was within the applicable Guidelines range.

We have considered all of Ticas's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.